894

## FIRST NAT. BANK OF BOSTON v. FI-DELITY & DEPOSIT CO. OF MARYLAND.

### Civ. No. 52-689.

United States District Court,
D. Massachusetts.

Oct. 10, 1952.

Bingham, Dana & Gould, John T. Hayes, Joseph Ford, Boston, Mass., for plaintiff.

Saul Glassman, Sciberg Glassman & Newman, Boston, Mass., for defendant.

FORD, District Judge.

This is an action by the First National Bank of Boston, as assignee of Narjos Shoe Company, Inc., to recover on a bond for $20,000 executed by Grant-Karzmar Corporation, as principal, and defendant Fidelity and Deposit Company of Maryland, as surety, to pay (to the limit of the bond) such sums as might be owed by Grant-Karzmar to Narjos Shoe, as of May 10, 1952.

Defendant has waived its motion to dismiss, but presses its alternative motion to transfer the case to the United States District Court for the Southern District of New York under the provisions of 28 U.S. C.A. § 1404(a). Defendant represents that it has a defense to this action on the ground that Grant-Karzmar has certain claims against Narjos Shoe based on alleged breach of contract, as a result of which it owes nothing to Narjos Shoe and hence defendant is not liable for anything under the terms of its bond. Since the bond was executed by defendant's agents in New York, and since its witnesses on the claims of Grant-Karzmar are also in New York, it argues that the convenience of defendant and its witnesses requires the transfer. Moreover, it contends that to allow the case to remain here will subject it to a multiplicity of suits, and possible double payment. It holds collateral deposited by one Nathan in New York as security, the return of which has been demanded. Thus it suggests that it may lose in this action and be forced to pay plaintiff, and later may

lose an action in New York by Grant-Karzmar, who will not be bound by the result of the action here, and be forced to return the collateral. Grant-Karzmar is not subject to service here, and refuses to appear voluntarily. If the case is transferred to New York, Grant-Karzmar can be brought in as a third-party defendant and the whole controversy conclusively settled in a single action.

On behalf of plaintiff, it appears that its witnesses, including persons connected with the Narjos Shoe Company, are all located in or near Boston. Moreover, while defendant executed this contract in New York, it does business in Massachusetts, and it executed this particular contract with knowledge that it was required by plaintiff for the purpose of furnishing it with further security on loans which it had advanced to Narjos, and so with the likelihood that any action brought on the bond would be brought in this state.

Defendant's affidavits set forth no details by which the importance of Grant-Karzmar's claims may be evaluated. In fact, all that can be gleaned from these statements is that the claims arise from some sort of breach of contract. The affidavit of the Grants, stockholders of Grant-Karzmar, while, on the one hand, stating that Grant-Karzmar owes nothing to Narjos Shoe, in other paragraphs describes Narjos Shoe as the principal creditor of Grant-Karzmar, and sets forth that in lieu of bankruptcy proceedings they have turned over control of Grant-Karzmar to two representatives of the creditors, one of whom represents Narjos, who are now proceeding to dissolve the corporation.

A further fact to be considered is that the congested state of the docket in the district to which transfer is sought would impose serious delay upon the plaintiff. United States v. E. I. du Pont de Nemours & Co., D.C., 83 F.Supp. 233, 235.

In general, when a plaintiff has chosen its forum from several which are open to it, its choice should not be disturbed unless the defendant sustains the burden of showing that the balance is strongly in favor of transfer to another forum. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330. Defendant has not shown that such a strong balance exists in its favor in the present action.

The motion is denied.