Zora **PADGETT** and Odell E. Padgett, her husband, Plaintiffs,

v.

**ATLANTIC GREYHOUND CORP.,** Defendant.

Civ. A. No. 12029.

United States District Court
W. D. Pennsylvania.

Nov. 22, 1954.

Joseph D. Ripp, Pittsburgh, Pa., for plaintiffs.

Randall J. McConnell, Jr., of Dickie, McCamey, Chilcote, Reif & Robinson, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is a motion for change of venue from the Western District of Pennsylvania to the Northern District of West Virginia based upon the doctrine of forum non conveniens, 28 U.S.C.A. § 1404(a).

This action was instituted in the United States District Court for the Western

District of Pennsylvania by plaintiffs, residents of Pittsburgh, Pennsylvania, to recover damages for personal injuries caused by a bus, owned and operated by the defendant, a corporation organized under the laws of Virginia and doing business in Pennsylvania. The accident occurred at Coolridge, West Virginia, between a bus in which one of plaintiffs was a passenger and a vehicle driven by a third party.

Defendant contends that this case should be transferred for the primary reason that the driver of one of the vehicles involved in the accident cannot be brought within this court's jurisdiction under substituted service of process.

The contention, in this regard, is somewhat belated since the defendant had never demonstrated any inclination to bring the said operator upon the record in spite of the fact that plaintiffs had filed a similar suit as a precautionary measure in the United States District Court for the Northern District of West Virginia on June 11, 1954. The proceeding had been filed in this jurisdiction on March 1, 1954.

The added factor that the motor vehicle operator is not covered by liability insurance, of course, has no bearing upon the legal status of the parties but should prove somewhat illuminating upon the intention of the parties.

The doctrine of forum non conveniens provides as follows:

> "For the convenience of parties and witnesses, *in the interest of justice*, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404 (a). (Emphasis supplied.)

The doctrine requires the moving party to show more than a limited degree of added convenience in trying the case in a different jurisdiction. Naughton v. Pennsylvania R. Co., D.C., 85 F.Supp. 761. The circumstance of the case must establish such hardship on the parties setting up the plan as would amount to vexatiousness or op-

pression if the court persisted in exercising jurisdiction. Williams v. Green Bay & Western R. Co., 326 U.S. 549, 66 S.Ct. 284, 90 L.Ed. 311. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should be rarely disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055.

In view of the fact that plaintiffs reside in Pittsburgh, and plaintiff's medical testimony and hospital records are confined to the Pittsburgh area, and in view of the evident fact that a crucial issue for determination must necessarily evolve about the degree and character of the injuries sustained, I must find that the weight of the equities preponderate in favor of retaining venue in the Western District of Pennsylvania.

Defendant's motion for change of venue will be refused.

An appropriate order is entered.