**REVERE CAMERA COMPANY**

v.

**MASTERS MAIL ORDER COMPANY**
of Washington, D. C.
**Civ. No. 7710.**

United States District Court,
D. Maryland, Civil Division.
Dec. 10, 1954.

David P. Gordon, Eugene M. Feinblatt, Gordon & Feinblatt, Baltimore,

Md., Jack I. Levy, Chicago, Ill., H. Thomas Austern, Harry L. Shniderman, Jas. T. Haight, Washington, D. C., for plaintiff.

James Robert Miller, Silver Springs, Md., Thurmond Arnold, Arnold, Fortas & Porter, Washington, D. C., Jos. F. Ruggeri, Brooklyn, N. Y., for defendant.

CHESNUT, District Judge.

The defendant has filed a motion under 28 U.S.C.A. § 1404 for the transfer of the case from this court to the District Court of the United States for the District of Columbia. Section 1404(a) reads:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The defendant is a corporation formed under the laws of the State of Maryland, and has a place of business in Washington, D. C. I will assume, therefore, that the suit might have been brought against it in the District of Columbia.

The plaintiff is a Delaware corporation having its principal place of business in the State of Illinois and engaged in the national manufacture, sale and distribution of cameras and other articles of commerce. Its trade policy is the maintenance of re-sale prices of its goods in accordance with the so-called fair trade laws of nearly all the 48 States. Maryland has such a fair trade law, as does also Illinois and Delaware. The District of Columbia is one of the very few jurisdictions in the United States that does not have such a law. Observance and enforcement of these fair trade laws in the several States was authorized by Congress by the Miller-Tydings Act as an amendment to the Sherman Anti-Trust Act, 15 U.S.C.A. § 1; and Congress has quite recently by the McGuire Act, 15 U.S.C.A. § 45 and note, further fortified the Miller-Tydings Act. See Sunbeam Corporation v. Mac-Millan, D.C.Md., 110 F.Supp. 836, where the legislation has heretofore been reviewed by this court.

The bill of complaint seeking a temporary and permanent injunction against the defendant to prevent alleged violations of the plaintiff's sale policy as authorized by the fair trade laws in various States, was filed September 8, 1954. Pursuant to the request in the complaint for a temporary injunction Judge Coleman on September 17, 1954, signed a show cause order against the defendant. The plaintiff has also filed interrogatories to the defendant and request for admissions. Objections thereto have been filed by the defendant; and on October 5, 1954, the defendant filed a motion to dismiss the complaint. The motion to transfer the case to Washington was filed by the defendant on October 13, 1954. There has been no hearing on the motion to dismiss the complaint. So far a very voluminous file has resulted from answers of the defendant to the motion for a preliminary injunction with affidavits, and answer by the plaintiff with affidavits against the transfer of the action. Examination of these various papers in the file has been made only to the extent of their relevance to the motion for transfer of the action.

Very shortly stated, the plaintiff's case as revealed by the complaint is that the defendant is a subsidiary of Masters, Incorporated, a New York corporation, which is very extensively engaged in the business of buying and selling at a discount or cut-rate many commodities, particularly those manufactured and sold under agreements with one or more retail dealers for the maintenance of retail prices in accordance with the fair trade laws of the States which have such laws; and that the defendant in the instant case is a Maryland corporation which was formed by the New York parent corporation for the particular purpose of maintaining a place of business in Washington, D. C., which does not have a fair trade law, from which place it seeks to carry out the

policy of the parent corporation by the temporary storage of merchandise in Washington and the offering for sale and selling of such merchandise at discount or cut-rate prices not only in Maryland but in many other States, having fair trade laws; and that this purpose is carried out by the mailing of many thousands of printed catalogs offering to sell merchandise and particularly that of manufacturers such as the plaintiff whose sales policy is that of maintenance of re-sale prices; and that sales of such merchandise at such cut-rate prices have been made in Maryland and other States having fair trade laws pursuant to mail orders therefor in response to the offers to sell contained in the catalogs.

The defendant's position as indicated in the many papers now accumulated in the file, is that it has a perfect legal right to pursue this sales policy by offering to sell and subsequently actually selling merchandise at discount prices irrespective of the fair trade laws of the several States, and that there is no federal legislation which forbids the free sale by correspondence and subsequent shipment of goods from a non-fair trade State into States having fair trade laws. It is apparent that the issue thus sharply presented is a very important question of national and constitutional law. From the plaintiff's standpoint the defendant's activities constitute a very bold and striking attempt to seriously impair if not entirely defeat the effect of the legislation in support of fair trade laws which exists in all but a few of the States; while from the defendant's point of view the plaintiff's effort to enjoin the defendant from this alleged violation is an impairment of the just principle of free trade and a restriction on interstate commerce between the States, not authorized by federal legislation. So far as I have been able to learn the question thus presented has not been heretofore judicially decided.

Without expressing or intimating any opinion whatever on the contentions of the respective parties, I have concluded after considering the relevant portions of the case file, that the defendant has not made out a case to justify the granting of the order for the transfer requested. On this point the burden of persuasion is clearly on the defendant. The conditions on which the statute authorizes the transfer are (1) the convenience of the parties and witnesses and (2) in the interests of justice.

With respect to the convenience of the parties the defendant says that its only place of business is in Washington, D. C., where it maintains a store for the sale of goods in the business district of Washington, and that it has several clerks or salesmen resident there who, it is anticipated, will be witnesses at the trial of the case. I am not impressed with this point for two reasons. One is that the plaintiff is not complaining with respect to sales actually made by the defendant at its store in Washington, and the other is that even if these witnesses should be thought necessary by the defendant for the trial, the distance from Washington to Baltimore (only forty miles) and the facilities for transportation by rail and motor car are so easy that little inconvenience would be entailed by their attendance in Baltimore. United States v. Warring, D.C. Md., 121 F.Supp. 546, 551; Wampler v. Snyder, 62 App.D.C. 215, 66 F.2d 195. The papers in the file indicate that other possible and indeed probable witnesses for the trial are those resident in Illinois and New York for whom the trial in Baltimore would seemingly be as convenient as one in Washington.

Another argument of the defendant in support of the transfer is that, since the institution of the suit here on September 8, 1954, the Maryland corporation has been or very soon will be dissolved and its activities discontinued or hereafter carried on by a new corporation to be formed under the new corporation laws of the District of Columbia which became effective about December 5, 1954; and therefore a judgment in fav-

or of the plaintiff in this case would have little final effect in continuity. Counsel for the plaintiff disputes this latter contention, but however that may be it is clear that this court properly had jurisdiction of the case on its institution on the ground of diversity of citizenship and that the defendant was duly served with notice and is subject to the final orders of the court in the case.

Another argument advanced by counsel for the defendant is that it really has little or no contact with the State of Maryland other than its nominal incorporation here which, it is said, was due to the fact that at the time of its incorporation early in 1954 the Maryland corporation laws were much more liberal than those then prevailing in the District of Columbia; and that the decision to dissolve the Maryland corporation and reincorporate in the District of Columbia .was due to the new legislation in the latter jurisdiction more favorable to the formation of corporations there. However, again I am not impressed by this consideration because, as already indicated, the main issue that appears in the case is a much broader one.

Along the same line the defendant suggests that the plaintiff's policy in bringing this suit in Maryland was in the nature of "shopping for jurisdiction" because Maryland has a fair trade law while the District of Columbia has none. As to this plaintiff's counsel seems to reply that in similar vein the same comment could be made with respect to the defendant's motion to transfer the case to Washington or, to borrow a closely equivalent Latin phrase "et tu quoque". However, both considerations seem to me to be quite beside the point because the real point in the case is one of broad national or federal constitutional and statutory law and the particular district in which the case is originally tried would seem to be of little moment.

Nor do I think the transfer of the case from Baltimore to Washington would be in the interests of justice broadly considered. It is perhaps only natural that the plaintiff should prefer to have the case originally tried in a State which has and has had for many years a fair trade law upheld by the Maryland Court of Appeals, and perhaps equally natural that the defendant would prefer to have the case originally tried in a jurisdiction where there is no fair trade law. But again for like reasoning this consideration seems to be unimportant here. More relevant from the standpoint of the interests of justice, the plaintiff's contention seems to me to be more persuasive in pointing out without substantial contradiction, that an earlier decision could reasonably be expected in this district than in Washington in view of the comparative state of the dockets in the two jurisdictions. United States v. Warring, D.C., 121 F.Supp. 546, 551. Cf. on quite different facts Cinema Amusements, Inc., v. Loew's, Inc., D. C.Del., 85 F.Supp. 319.

For these reasons I have concluded that the motion to transfer the case from this district to the District of Columbia should be and it is hereby overruled.