**NATIONAL STEEL CORPORATION,** Great Lakes Steel Corporation, and Stran-Steel Products Company, Plaintiffs,

v.

**MARYLAND CASUALTY COMPANY,** Defendant.

Civ. A. No. 13547.

United States District Court
W. D. Pennsylvania.

Sept. 16, 1955.

W. Gordon Rauck, Thorp, Reed & Armstrong, Pittsburgh, Pa., for plaintiffs.

J. M. McCandless, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

In this action the plaintiffs, National Steel Corporation, Great Lakes Steel Corporation, and Stran-Steel Products Company filed their complaint on June 27, 1955, alleging that the defendant, Maryland Casualty Company, had issued a bond indemnifying the plaintiffs against any loss not exceeding $125,000 sustained through fraudulent or dishonest acts committed by an employee. They charge that the defendant has refused to pay for the loss which they sustained in accordance with the terms of the bond. On July 14, 1955, the defendant filed a motion to dismiss on the grounds of forum non conveniens and for a more definite statement. The motion to dismiss was amended on July 20, 1955, and the defendant sought to have the action transferred pursuant to Title 28, Section 1404 (a) of the United States Code.

In the motion for transfer, the defendant alleges that all the matters complained of took place in California, that the fraudulent act of the employee took place in California, and that all witnesses are in that state. In support of their motion, the defendant has filed an affidavit setting forth that the investigation of the alleged loss was conducted in California, and that all of the persons who have knowledge of the matter in the complaint, who will be witnesses for Maryland Casualty Company, are residents of California. Plaintiffs have filed counter-affidavits in which they have set forth that this case is essentially an accounting case having to do with inventory shortages and that the proof would be obtainable from various business records that are stored, at the present time, in Michigan, and other records are in other states.

In support of their motion to transfer, the defendant cites the case of Gulf Oil Corporation v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055. However, Mr. Justice Jackson, who spoke for the majority of the Court, cautions that:

" * * * unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. 501, 508, 67 S.Ct. 839, 843.

■ Now by statute, it is provided that:

"For the convenience of parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

We think this section means exactly what it says, that is, that where it is shown that it would be convenient for the parties and witnesses, the Court may transfer the action from one district to another district in the interest of justice.

Here, however, the defendant has made a general assertion that "all persons who have knowledge of the matter alleged in the complaint, who will be witnesses for Maryland Casualty Company, are residents of California."

When the argument was held on this motion, the Court asked counsel for the defendant who were the witnesses that they referred to in their affidavit. He was unable to give any names or addresses as to who the witnesses were or what their testimony would be. It did not appear that there would be an inconvenience to any known witnesses. See Cox v. Pennsylvania R. Co., D.C.S.D.N.Y. 1947, 72 F.Supp. 278.

It also appeared to the Court that the home office of the National Steel Corporation, and its principal place of business, is located in Pittsburgh, Pennsylvania. The bond on which the plaintiffs are suing was counter-signed by the defendant through its attorney in fact at its regular place of business in Pittsburgh, Pennsylvania. The premiums for

the bond were paid to the defendant by the plaintiffs at Pittsburgh.

■■■■ While perhaps the alleged fraudulent conduct of the employee might have taken place in California, nevertheless, the burden is on the defendant, Maryland Casualty Company, to show that, in the interest of justice, the case should be transferred. We think that, from all the facts, this has not been shown; therefore, the motion for transfer must be denied.

Defendant has also filed a motion for a more definite statement to paragraph five of the complaint. In this paragraph, the complaint charges that the losses were sustained through fraudulent or dishonest acts committed by an employee. The defendant asserts that this is an averment that should be stated with particularity, since Rule 9(b) of the Federal Rules of Civil Procedure provides that, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The defendant only cited the case of McCarthy v. Schumacher, D.C. S.D.N.Y.1939, 1 F.R.D. 8, in support of its position. However, in that case, the fraudulent conduct alleged was that of the defendant and not of a third party as is the situation in the instant case. In fact, a review of the decided cases indicates that where the Courts have ordered that the circumstances constituting the fraud be alleged with particularity, the fraudulent conduct was that of the plaintiff or that of the defendant. However, we have not found any case nor has counsel for the defendant cited any cases, in which the fraudulent conduct was that of a third party.

■■ The authorities seem to indicate that the elements of fraud which must be pleaded with particularity are:

1. A false representation of a material fact;

2. Knowledge of its falsity by the person making it;

3. Ignorance of its falsity by the person to whom it is made;

4. The intent that it should be acted upon;

5. That it was acted upon by plaintiff to his damage.

See 1 Barron and Holtzoff, Federal Practice and Procedure, Section 302, p. 542 (1950).

■■ In this case, there is no assertion that there has been a false representation made by either of the parties of any material fact. When the one asserting fraud makes the same the basis of his action, the circumstances constituting the same should be pleaded with particularity. Here the cause of action is that the defendant did not perform its contract. Plaintiffs charge that the defendant failed to indemnify them for the loss they suffered through the fraudulent and dishonest acts of an employee. Plaintiffs do not charge that defendant has acted fraudulently. They have only charged that the defendant has breached its contract. The action is not one based on fraud but a cause of action in contract. See American Foods, Inc. v. Dezauche, D.C.W.D.N.Y.1947, 74 F.Supp. 681. Therefore, defendant's motion for a more definite statement to paragraph five of the complaint is denied.