**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,**

v.

**POTTER BANK AND TRUST COMPANY, guardian of Robert Allen Smith, a minor, and Stanley M. Simon, administrator of the Estate of Patricia M. Echlin, deceased, and Ethel V. Weber, administratrix of the Estate of Raymond T. Echlin, deceased, and Ethel V. Weber, guardian of Patricia Echlin, Thomas Echlin, and John Joseph Echlin, minors, Defendants.**

Civ. A. No. 13259.

United States District Court
W. D. Pennsylvania.

Nov. 10, 1955.

Edmund W. Lord, Chicago, Ill., Metz, McClure, Hanna & McAlister, and Smith, Buchanan, Ingersoll, Rodewald & Eckert, Pittsburgh, Pa., for plaintiff.

Howard R. Eulenstein, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

This case arises out of an action of interpleader instituted in this court by the Metropolitan Life Insurance Company against Potter Bank and Trust Company, guardian of Robert Allen

Smith, and Stanley M. Simon, administrator of the Estate of Patricia M. Echlin, deceased, and Ethel V. Weber, administratrix of the Estate of Raymond T. Echlin, deceased, and Ethel V. Weber, guardian of Patricia Echlin, Thomas Echlin, and John Joseph Echlin.

This suit was filed on March 28, 1955. Answers to the interpleader complaint were filed by Ethel V. Weber, administratrix, on April 18, 1955, and by Potter Bank and Trust Company, guardian, and Stanley M. Simon, administrator, on April 29, 1955.

On January 30, 1955, Metropolitan Life Insurance Company filed a reply to a counterclaim set up by Ethel V. Weber, administratrix and guardian. It appears that Ethel V. Weber was a resident of Chicago, Illinois, and the other defendants, Potter Bank and Trust Company and Stanley M. Simon, are residents of Pittsburgh.

On July 27, 1955, this case was listed for trial before this court for the term beginning September 12, 1955, and all counsel were notified.

On September 16, 1955, notice was given that a pretrial conference would be held on this case on September 20, 1955. No appearance was entered for Ethel V. Weber, administratrix and guardian, at the pretrial which was held on September 20.

On September 30, 1955, a motion for discharge by Metropolitan Life Insurance Company, after due notice to all parties had been given, was filed and the said insurance company was discharged from liability upon their policy giving rise to this action. The parties were then directed to file their complaints and answers to the complaints of other parties.

On September 30, 1955, Ethel V. Weber filed a motion to transfer this case to the United States District Court for the Northern District of Illinois. In the argument for transfer of this case, the moving party only gave the name of one witness whose testimony they indicated they would need, who was outside the jurisdiction of this court.

■ As we have recently pointed out in an opinion on National Steel Corporation v. Maryland Casualty Co., D.C., 18 F.R.D. 166, the court may for the convenience of parties and witnesses, *in the interest of justice*, transfer any civil action to any other district where it might have been brought. It is not sufficient that there merely be a showing that the convenience of the parties would be served thereby.

■■ The primary consideration, we feel, is the interest of justice. We are in substantial agreement with the views of Chief Judge Jones of the Northern District of Ohio where in Nagle v. Pennsylvania R. Co., D.C.N.D.Ohio 1950, 89 F.Supp. 822, 823, he stated that if the motion for change of venue filed under 28 U.S.C.A. § 1404(a) is delayed

"* * * until shortly before trial, the interest of justice in early trials overcomes any convenience of the parties which might result from a change of venue."

The defendant here as in the Nagle case has had five months from the time of filing of the action to the time it was set for trial to present this motion but has failed to do so even though the convenience of trying the action elsewhere must have been apparent at a very early date.

In the briefs filed in support of this motion, the court's attention is directed to the case of Chicago, Rock Island and Pacific Railroad Co. v. Igoe, 7 Cir., 1955, 220 F.2d 299. However, in that case, the United States Court of Appeals for the Seventh Circuit, which includes the Northern District of Illinois, indicated that the interest of justice was a paramount consideration and pointed out that the calendar for the United States District Court for the Northern District of Illinois is congested and indicated that there was an average interval of fifteen months from the time of filing to the time of disposition of a case. This court is asked to transfer the case to another district where the calendar is congested

and where a fifteen month delay would ensue. Here we are ready to try the case.

Cases on our nonjury calendar are now being tried promptly. We have already set this case for trial. There is no reason why the deposition of any unwilling witness who could not be subpoenaed to appear in Pittsburgh could not be taken and used as evidence in this case. To transfer the case to another district would not be in the interest of justice. The interest of justice would best be served by bringing cases to trial and not by delaying trial. Accordingly, the motion for transfer is denied and appropriate order setting this case for the week beginning November 28, 1955, will be entered.