**Luis VELEZ, Plaintiff,**

v.

**LYKES BROS. STEAMSHIP CO., Inc., Defendant.**

United States District Court
S. D. New York.
June 27, 1956.

Eisenberg & Dembo, New York City, William Gitnick, New York City, of counsel, for plaintiff.

Tompkins, Boal & McQuade, New York City, and Terriberry, Young, Rault & Carroll, New Orleans, La., Arthur M. Boal, New York City, of counsel, for defendant.

LEVET, District Judge.

This is an action under the Jones Act, 46 U.S.C.A. § 688, to recover for injuries allegedly sustained by plaintiff while employed as a seaman aboard one of the defendant's vessels in the Port of Corpus Christi, Texas. The defendant has moved to transfer this action to the United States District Court for the Eastern District of Louisiana, located at New Orleans, Louisiana, pursuant to Title 28 U.S.C.A. § 1404(a), which provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

Plaintiff claims to be a resident of New York City, although defendant contends that plaintiff resides in Puerto Rico and that his New York address is merely a mail address. Defendant is a Louisiana corporation, with its principal office and place of business at New Orleans, Louisiana. However, it maintains offices in New York, although asserting that its vessels rarely enter the Port of New York. It is asserted that none of the three witnesses who are named by both parties in their affidavits reside in New York. Defendant claims that all of its records are located in New Orleans. Plaintiff's counsel states that plaintiff never resided in New Orleans and that the only eye witness to the accident is a seaman who was formerly employed by the defendant and who resides in Galveston, Texas. Plaintiff was examined orally and physically by the defendant in New York. Defendant has also taken the testimony of its chief officer, one of the three witnesses, in New York.

Generally, the plaintiff's choice of forum should rarely be disturbed unless the balance of convenience is strongly in favor of the defendant. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055; Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329. The plaintiff's choice of forum is a substantial factor which should be considered in determining whether a defendant is entitled to transfer an action to another district and it is only in exceptional cases that such relief will be granted. National Tea Company v. The Marseille, D.C.S.D. N.Y., 142 F.Supp. 415.

**614**

It does not appear from the foregoing facts that the defendant has sustained its burden of showing that the balance of convenience strongly preponderates in its favor.

Therefore, defendant's motion to transfer this action is denied.

So ordered.