Charlotte L. McKINNEY, et al.,
Plaintiffs,

v.

SOUTHERN PACIFIC COMPANY,
Defendant.

Civ. A. No. 10397.

United States District Court
S. D. Texas, Houston Division.

Jan. 28, 1957.

Smith & Lehmann, Houston, Tex. (J. Edwin Smith, Houston, Tex.), for plaintiffs.

Baker, Botts, Andrews & Shepherd, Houston, Tex. (John F. Heard, Houston, Tex.), for defendant.

INGRAHAM, District Judge.

The case is before·the court upon defendant's motion to transfer to the District of Arizona for the convenience of the parties and the witnesses, pursuant. to Section 1404(a), Title 28 United. States Code.

■ The law appears well settled that movant has the burden of making a strong case for transfer and that plaintiff's privilege of choosing his forum is. a factor to be considered. In Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, 330, certiorari denied 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624, it was held:

"3. We come, then, to the question whether the judge abused his discretion in refusing to order·the transfer. We think that, by § 1404 (a), Congress did not alter the standard theretofore embodied in the doctrine of forum non conveniens, despite the fact that that section is applicable to types of actions to which that doctrine did not previously apply. So we read Ex Parte Collett, 337 U.S. 55, 69 S.Ct. 944, 959 [93 L.Ed. 1207], 10 A.L.R.2d 921, and United States v. National City Lines, 337 U.S. 78, 69 S.Ct. 955 [93 L.Ed. 1226]. On that basis, these words found in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 843, 91 L.Ed. 1055, still have full vitality: 'But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' Those words we interpret to mean

"(a) that a defendant has the burden of making out a strong case for a transfer and (b) that the plaintiff's privilege, conferred by statute, of choosing the forum he selected is a factor to be considered as against the 'convenience' of the witnesses or what otherwise might be the balance of 'convenience' as between 'the parties.'"

Also cited is a later opinion by Judge Sugarman, Molloy v. Bemis Bro. Bag Co., D.C., 130 F.Supp. 265.

The movant (defendant) states in its motion and supporting affidavit that the automobile-train collision out of which the suit arises occurred in the District of Arizona; that all material eyewitnesses, excepting the parties and their employees, having actual knowledge of the facts of the alleged collision, reside in and about Duncan, Arizona; that these witnesses are not subject to subpoena issuing out of the United States District Court for the Southern District of Texas, but are available to defendant only if this case is tried in the district (Arizona) in which the subpoena power may be used to procure witnesses; that similarly the law officers who investigated the accident and who have actual knowledge of the facts and circumstances surrounding the accident and records pertaining to their investigation are likewise available for subpoena issuing out of the United States District Court for the District of Arizona and are not subject to subpoena issuing out of this court and district; similar averments are made relative to the doctor or doctors who treated plaintiffs immediately after the accident in Arizona; and similar averments with respect to the employees of defendant operating defendant's train at the time and on the occasion in question. These averments are all general in nature and not specific. Neither the motion nor the supporting affidavit identifies any such witness or makes any representation as to the number of such witnesses. No brief was filed on behalf of movant.

For the reasons stated, the representations of movant are vague, indefinite and inconclusive. There are no facts before the court upon which the motion could be granted. Movant has not satisfied the burden placed upon it to support its request for transfer. The motion for transfer will be denied and overruled.

Clerk will notify counsel to prepare and submit appropriate order.