### William H. DAVIS
v.
### AMERICAN VISCOSE CORPORATION, a corporation.
### Civ. A. No. 15220.

United States District Court
W. D. Pennsylvania.
Feb. 6, 1958.

Robert B. Ivory, Pittsburgh, Pa., for plaintiff.

George I. Buckler, George Y. Meyer, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

This is a motion by defendant to transfer a personal injury action filed in the Western District of Pennsylvania for trial at Pittsburgh to the Middle District of Pennsylvania for trial at Harrisburg. 28 U.S.C.A. § 1404(a).[1]

In Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 546, 99 L.Ed. 789, the Supreme Court in affirming the Court of Appeals for the Third Circuit in All

1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

States Freight v. Modarelli, 1952, 196 F.2d 1010 held that the district court under this statute had a broader discretion than under the doctrine of *forum non conveniens*; however, it plainly indicated that the relevant factors theretofore applied under the doctrine have not changed and that the plaintiff's choice of forum is to be considered, "but only that the discretion to be exercised is broader."

In this case, the court's discretion will have to be exercised upon the facts disclosed by the defendant's motion and the plaintiff's answer.

Plaintiff resides in Altoona in the Western District of Pennsylvania. Defendant, a foreign corporation, has a plant in Lewistown, Pennsylvania, where the alleged accident occurred. The parties agree that Lewistown is approximately 157 miles distant from Pittsburgh and 60 miles from Harrisburg; that Altoona is approximately 97 miles from Pittsburgh and 120 miles from Harrisburg.

Neither party submitted affidavits, offered proof, or requested a hearing. The defendant expressly [2] does not raise for consideration the state of the trial calendars between the two districts, thus excluding from the balance of convenience and the interest of justice the elements of promptness of trial, and convenience of this congested court.

It is well settled that the burden of overcoming plaintiff's venue privilege is upon the defendant.[3] In my opinion, it has not met this burden.

Defendant avers that many of its employees have knowledge with respect to the accident or the aftermath, all of whom reside in Lewistown. In his answer plaintiff avers that defendant, in answers to interrogatories, named eight employees who had such knowledge; that Pittsburgh counsel for plaintiff and defendant took the depositions of these witnesses at Lewistown, and that these are available for use at the trial by either party. Although plaintiff does not raise the issue, we will not assume, without proof, that these eight employees are material witnesses, or that their testimony will not be cumulative. Buchanan v. New York Central R. Co., D.C.E.D. Pa.1957, 148 F.Supp. 732; cf. Chicago, Rock Island & Pac. R. Co. v. Hugh Breeding, Inc., 10 Cir., 1956, 232 F.2d 584.

Plaintiff admits that defendant's medical witness resides in Harrisburg. Defendant avers that two of plaintiff's medical witnesses have offices in Lewistown, and two have offices in Altoona, Pennsylvania. This is not denied. There is no proof or admission that plaintiff or defendant have any other material witnesses. It does not appear that any of the witnesses of plaintiff or defendant are hostile or unwilling or will become so. There is no proof of the comparative expenses for either party, although we can assume from the extra mileage involved that it will cost defendant more to try a case in Pittsburgh than in Harrisburg; likewise, we can assume it will cost plaintiff personally a little more to travel to Harrisburg than to Pittsburgh; we have no proof as to which doctors plaintiff must call as witnesses or the cost thereof.

Defendant alleges that it is desirable to have the jury view the scene of the accident; plaintiff takes the contrary position. In the light of the circumstances explained at argument, in my opinion a view would not be appropriate and certainly not necessary. It is rare that a

---

2. See Transcript of Proceedings, p. 16.

3. Chicago, Rock Island & Pac. R. Co. v. Hugh Breeding, Inc., 10 Cir., 1957, 247 F.2d 217, 226; Id., 10 Cir., 232 F.2d 584 (1956); McKinney v. Southern Pacific Co., D.C.S.D.Tex.1957, 147 F.Supp. 954; Velez v. Lykes Bros. Steamship Co., D.C. S.D.N.Y.1956, 142 F.Supp. 612; National Steel Corp. v. Maryland Casualty Co., D.C.W.D.Pa.1955, 18 F.R.D. 166; Revere Camera Co. v. Masters Mail Order Co., D.C.Md.1954, 127 F.Supp. 129; Padgett v. Atlantic Greyhound Corp., D.C.W.D.Pa.1954, 126 F.Supp. 124; First Nat. Bank of Boston v. Fidelity & Deposit Co. of Md., D.C.Mass.1952, 107 F. Supp. 894.

jury would be required by a judge to travel 120 miles on a round trip from Harrisburg to Lewistown to view the scene of an accident. If defendant should offer to pay the cost of the view, as sometimes happens when a defendant really believes a view to be necessary, its Harrisburg trial expenses would be greatly increased. Such an offer has not been made.

■ Therefore, judging the conveniences as best I can from the allegations in the motion, undenied in the answer, it seems on the whole that it would be cheaper for defendant to try the case in Harrisburg and more convenient for its witnesses. On the other hand, it would be cheaper for plaintiff and his Altoona physicians (to whom the defendant alludes) to try the case in Pittsburgh.

In addition, plaintiff has a prima facie right to maintain his action in his chosen forum. This right was absent in Mutual Life Ins. Co. of New York v. Ginsburg, D.C.1954, 125 F.Supp. 920, cited by defendant and decided by this court (see page 925); it was present in Mazinski v. Dight, D.C.1951, 99 F.Supp. 192, cited by both parties and also decided by this court; it was present and given weight by Chief Judge Gourley of this court in Sherman v. Baltimore & O. R. Co., 1954, 122 F.Supp. 492, and Padgett v. Atlantic Greyhound Corp., D.C.W.D. Pa.1954, 126 F.Supp. 124, both decided since All States Freight v. Modarelli, supra, relied on by defendant.

In the case at bar, plaintiff has properly exercised his venue privilege by initiating his action in the *forum of his residence.* No unfair advantage appears to have been taken of defendant in so doing, and no forum shopping, vexation, harassment, oppression, or undue hardship upon defendant, is alleged or is evident. The law of a foreign jurisdiction is not involved. Defendant's witnesses will have to travel only 60 miles more than the plaintiff for a trial in Pittsburgh.

In these circumstances, we think plaintiff's choice of his home forum should not be disturbed. He should not be sent to a forum which is more inconvenient and more expensive for him, even though slightly, than his home forum. Moreover, it may be quite inconvenient for plaintiff now to arrange for his Pittsburgh counsel, who has already done considerable work on the case, to conduct the trial in Harrisburg; it would especially be so if he were also required to engage Harrisburg counsel.

■ Furthermore, I think § 1404(a) should not be invoked for a transfer between two courts such as Pittsburgh and Harrisburg where the relatively short distances involved may be traversed quickly and comfortably, and the balance of inconvenience, if any, in favor of the defendant and its employee-witnesses is relatively minor, cf. Buchanan v. New York Central R. Co., supra, and not major as in Tuck v. Pennsylvania R. Co., D.C.E.D.Pa.1954, 122 F.Supp. 527.

An order will be entered denying the motion.