**Roy L. GOODMAN, Plaintiff**

v.

**COLUMBIA STEEL AND SHAFTING COMPANY, a corporation.**
**Civ. A. No. 17519.**

United States District Court
W. D. Pennsylvania.
March 21, 1959.

---

Robert N. McGee, Jr., Wirtzman & Sikov, Pittsburgh, Pa., for plaintiff.

James J. Burns, Jr., Pittsburgh, Pa., for defendant.

MARSH, District Judge.

Plaintiff, a resident of Tennessee, brought an action against defendant, a corporation having a principal place of business within this judicial district, to recover damages for personal injuries alleged to have been sustained as a result of defendant's negligence in loading steel on a tractor trailer. Plaintiff alleges that due to defendant's negligence, the steel shifted and struck the cab of the tractor which he was operating. He alleges that the accident occurred near Erlanger, Kentucky.

Pursuant to § 1404(a), 28 U.S.C.A., defendant moves to transfer the action to a district Court "whose jurisdiction encompasses Erlanger, Kentucky, the situs of the accident." As grounds for the transfer, defendant asserts that "all of the witnesses to the accident" reside in or are from the vicinity of Erlanger, and that it will be prejudiced unless it has available the Non-Resident Motorist Statute of Kentucky (Ky.Stat. 188.020).

A "Statement of Facts" and "Argument" was filed by each counsel, but neither party submitted affidavits, offered proof or requested a hearing. No particulars were submitted concerning the witnesses or a suggested unnamed third party who might be solely or jointly responsible.

It is well settled that the burden of overcoming plaintiff's venue privilege is upon defendant.[1] Although plaintiff's counsel in his statement said nothing about the residence of any witnesses; he did deny at oral argument that all the witnesses to be called at trial lived in or near Erlanger, Kentucky, and asserted that several lived in this district.

1. Chicago, Rock Island & Pac. R. Co. v. Hugh Breeding, Inc., 10 Cir., 1957, 247 F.2d 217, 226; Id., 10 Cir., 1956, 232 F.2d 584; Davis v. American Viscose Corporation, D.C.W.D.Pa.1958, 159 F. Supp. 218; McKinney v. Southern Pacific Co., D.C.S.D.Tex.1957, 147 F.Supp. 954; Velez v. Lykes Bros. Steamship Co., D.C.S.D.N.Y.1956, 142 F.Supp. 612; National Steel Corp. v. Maryland Casualty

[redacted] A case should not be transferred without proof of the facts showing that such action would be for the convenience of the parties and witnesses and in the interest of justice. The defendant has not met its burden. Thus I need not decide whether this action "might have been brought" in Kentucky. However, it is doubtful that I have the power to transfer it to a district where admittedly the defendant could not have been served with process.[2] See Behimer v. Sullivan, 7 Cir., 1958, 261 F.2d 467; Blaski v. Hoffman, 7 Cir., 1958, 260 F. 2d 317; Paramount Pictures v. Rodney, 3 Cir., 1951, 186 F.2d 111. But see Cain v. Bowater's Newfoundland Pulp & Paper Mills, D.C.E.D.Pa.1954, 127 F. Supp. 949. The analysis of Judge, now Mr. Justice, Whitaker in General Electric Co. v. Central Transit Warehouse Co., D.C., 127 F.Supp. 817, 822–828, indicates that the requested transfer would not be legal.

An appropriate order will be entered denying the motion to transfer.

[redacted]

Co., D.C.W.D.Pa.1955, 18 F.R.D. 166; Revere Camera Company v. Masters Mail Order Co., D.C.Md.1954, 127 F.Supp. 129; Padgett v. Atlantic Greyhound Corp., D.C.W.D.Pa.1954, 126 F.Supp. 124; First Nat. Bank of Boston v. Fidelity & Deposit Co. of Md., D.C.Mass.1952, 107 F.Supp. 894.

2. Section 1404(a), says Judge Learned Hand, " 'presupposes at least two forums in which the defendant is amenable to process.' " Foster-Milburn Co. v. Knight, 2 Cir., 1950, 181 F.2d 949, 952–953.