Charles E. CAMPBELL, t/d/b/a
Campbell Air Service, Plaintiff,

v.

MITSUBISHI AIRCRAFT INTERNATIONAL, INC., Defendant.

Civ. A. No. 75–800.

United States District Court,
W. D. Pennsylvania.

Aug. 6, 1976.

Procopio & Burr, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for defendant.

## OPINION

COHILL, District Judge.

This matter comes before the court on plaintiff's motion to transfer the case from this court to the United States District Court for the Northern District of Texas.

Plaintiff is a resident of Pennsylvania, and defendant is a Texas corporation with its principal place of business in San Angelo, Texas.

This action was commenced June 27, 1975, the defendant having been served with process by mail from the Secretary of the Commonwealth pursuant to 42 Pa.C.S.A. Section 8302. Defendant's Answer and Counterclaim were filed September 17, 1975, and plaintiff's Reply to the Counterclaim on October 29, 1975.

For the purposes of this motion, the facts are quite simple. Plaintiff had been a distributor of defendant's products, and had purchased several aircraft from defendant.

The dispute between the parties involves interest charges on loans (as alleged by plaintiff) or the "credit purchase price" of the aircraft (as alleged by defendant). Plaintiff claims that the usury laws of Texas have been violated. Defendant avers, on the contrary, that Pennsylvania law applies to the transactions, and that there has been no violation of that law.

The motion for transfer will be denied.

Plaintiff supports his argument for transfer with the following:

1.  the possibility exists of a complex conflict of laws question in this case;
2.  access to sources of proof such as corporate records and witnesses will be more convenient;
3.  the defendant will not be inconvenienced by the transfer, and in fact, it will be less expensive for defendant to defend this action in Texas than in Pennsylvania;
4.  the laws of Texas apply to this situation, and a court in Texas will be more "at home with the state law that must govern this action."

This motion is brought under 28 U.S.C. § 1404(a), which permits transfers "For the convenience of parties and witnesses, in the interest of justice, . . ."

Defendants argue that the motion is untimely in that it comes some ten months after the commencement of the action, after both discovery had been completed and the local pretrial rule had been invoked.

There are instances where such transfers have been permitted more than ten months after the commencement of the action: *Molloy v. Bemis Bro. Bag Co.*, 130 F.Supp. 265 (S.D.N.Y.1955), three years; *Maloney v. New York N.H. & H.R. Co.*, 88 F.Supp. 568 (S.D.N.Y.1949), one year. We consider the timeliness of the motion to be a factor, but not the only factor to be considered. There is a line of cases which holds that the interest of justice in early trials overcomes any convenience which might result from a change of venue. *McGraw-Edison Co. v. Van Pelt*, 350 F.2d 361 (8th Cir. 1965); *Standard v. Stoll Packing Corp.*, 210 F.Supp. 749 (M.D.Pa.1962), *app. dismissed* 315 F.2d 626, *reh. denied* (3d Cir. 1963); *Metropolitan Life Ins. Co. v. Potter Bank & Trust Co.*, 135 F.Supp. 645 (W.D.Pa.1955).

█ A transfer is not to be liberally granted. *Shuttle v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *Handlos v. Litton Industries, Inc.*, 304 F.Supp. 347 (E.D.Wis.1969).

█ We are not persuaded that plaintiff's witnesses will suffer great inconvenience if the trial is in Pittsburgh. Plaintiff's business is located in Pittsburgh. The prospective witnesses from Texas are all (or mostly all) employees of the defendant. The corporate records referred to in the motion belong to the defendant.

One of the reasons plaintiff gives in favor of the transfer is that one of the defendant's officers stated in his deposition that "Pennsylvania law would probably apply to these contracts," which the motion avers discloses "the possibility of a complex conflict of laws question."

The existence of a difference of opinion on what law should apply was apparent as soon as defendant filed its answer to the complaint, not when the officer gave his deposition.

Paragraph 9 of the Complaint recites the legal rate of interest permitted in Texas. Paragraph 9 of defendant's answer admits this, but denies its relevancy, stating, "under applicable choice-of-law principles, the laws of Pennsylvania, and not those of Texas, govern the interpretation and legal effect and consequences of the involved transactions." In other words, as soon as defendant filed its Answer, plaintiff was on notice that an issue existed as to what state's laws applied.

Plaintiff chose the forum; defendants retained local counsel; both parties pursued discovery, and the matter is now ready to go to trial. Indeed, one of the matters to be litigated is, what state's laws apply—i. e., the conflict of laws question referred to by plaintiff.

We hope and believe that whether it is ultimately determined that Pennsylvania or Texas laws apply, this court will be able to interpret them successfully.

An appropriate order will be entered.