The FEDERAL DEPOSIT INSURANCE
CORPORATION, In Its
Corporate Capacity

v.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND.

Civ. A. No. 87–319–B.

United States District Court,
M.D. Louisiana.

Jan. 11, 1988.

Shelly C. Zwick, Paul S. West, Victor L. Roy, III, Baton Rouge, La., Edward J. Gay, III, Liskow & Lewis, New Orleans, La., for plaintiff.

David S. Bell, Bell, Faller & West, Baton Rouge, La., Donald L. Beckner, Baton Rouge, La., for defendant.

POLOZOLA, District Judge.

The Federal Deposit Insurance Corporation ("FDIC") filed this action seeking recovery under a Bankers Blanket Bond issued by the Fidelity Deposit Insurance Corporation to Capital Bank & Trust Company.[1] Plaintiff contends that it has suffered losses caused by the dishonest or fraudulent acts of a former officer and employee

---

1. The Federal Deposit Insurance Corporation ("FDIC") was substituted as plaintiff in the action which was originally filed by Capital Bank & Trust Company. Capital Bank & Trust Company was closed on October 30, 1987 and the FDIC was confirmed as receiver.

of Capital Bank & Trust Company and that such losses are covered by the bond.

Defendant has now filed this motion to dismiss, or in the alternative a motion for a more definite statement. Defendant asserts that plaintiff's complaint should be dismissed for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). In the alternative, defendant contends the complaint fails to state, with particularity, the circumstances constituting fraud or dishonesty under Fed. R.Civ.P. 9(b), or in the further alternative, it fails to specifically state items of special damages under Fed.R.Civ.P. 9(g).

Defendant argues that plaintiff has failed to make a short and plain statement of its claim showing plaintiff is entitled to the relief demanded as required by Fed.R. Civ.P. 8(a)(2). Defendant further argues that state law governs whether a cause of action has been stated in the complaint and that under Louisiana law plaintiff's complaint must include statements alleging the named employee who "acted dishonestly or fraudulently with the manifest intent to cause plaintiff a loss and to benefit the employee or another person in a particular amount of money and that such loss was caused or sustained in a particular manner." Defendant's contentions are without merit.

■ It is clear defendant has misconstrued the law governing pleading in federal courts. In diversity actions the question of whether or not the plaintiff has stated a claim upon which relief may be granted under state law must be resolved by applying the substantive law of the state in which the federal court is sitting. However, it is well settled that federal courts are not bound by the state technical rules of pleading but are governed by the Federal Rules of Civil Procedure. *Freeman v. Continental Gin Co.*, 381 F.2d 459, 463 (5th Cir.1967); 5 Wright & Miller, Federal Practice and Procedure § 1204 (1969). The Federal Rules of Civil Procedure provide that pleadings are to be construed liberally so as to do substantial justice. Before a court may dismiss a claim under Rule 12(b)(6), it must appear "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

■ The court finds that plaintiff has complied with the pleading requirements of Fed.R.Civ.P. 8(a)(2) and has stated a claim upon which relief may be granted. Therefore, defendant's motion to dismiss under Rule 12(b)(6) is denied.

■ In the alternative, defendant contends that since plaintiff's action is based upon fraud and dishonesty, plaintiff must satisfy the particularity requirements of Fed.R.Civ.P. 9(b). The court disagrees. Plaintiff has brought this action to recover on a policy of insurance issued by the defendant. Since fraud is not the basis of the cause of action, plaintiff is not required to comply with Rule 9(b). *National Steel Corporation v. Maryland Casualty Company*, 18 F.R.D. 166 (W.D.Penn.1955). The court's conclusion is also supported by the following passage from Wright and Miller:

> By its terms, Rule 9(b) applies the particularity requirement only to averments of fraud. Since the rule is a special pleading requirement and contrary to the general approach of simplified pleading adopted by the federal rules, its scope of application should be construed narrowly and not extended to other legal theories or defenses. The reasons for the particularity rule are not present when the fraud alleged is that of one who is not a party to the action ...

5 Wright & Miller, Federal Practice and Procedure § 1298 (1969).

■ Defendant also argues that this suit should be dismissed because the plaintiff has failed to specifically state items of special damage as required by Fed.R.Civ.P. 9(g). The court finds that this argument is without merit. Plaintiff is only seeking to recover for its alleged actual losses resulting directly from the dishonesty of its employees. The policy at issue covers acts of dishonesty by bank employees. The court finds that the damages sought by plaintiff

cannot be deemed special damages under Rule 9(g).

Finally, defendant seeks a more definite statement pursuant to Fed.R.Civ.P. 12(e). This motion is denied. If additional information is needed by the defendant, the defendant may utilize the liberal discovery procedures set forth in the Federal Rules of Civil Procedure. *Merchants & Farmers State Bank v. Fidelity & Casualty Company of New York*, 791 F.2d 1141, 1145 (5th Cir.1981).

Therefore:

IT IS ORDERED that the motion of the Fidelity and Deposit Company of Maryland to dismiss be and it is hereby DENIED.

IT IS FURTHER ORDERED that the motion of Fidelity and Deposit Company of Maryland for a more definite statement be and it is hereby DENIED.