### BANACHOWSKI v. ATLANTIC REFINING CO.

United States District Court
S. D. New York.
March 30, 1949.

RYAN, District Judge.

Defendant moves pursuant to Section 1404(a), 28 U.S.C.A., for an order transferring this action to the United States District Court for the District of New Jersey.

Plaintiff, a resident of Paterson, N. J., sues defendant, a Pennsylvania corporation, for injuries alleged to have been sustained by her on February 4, 1947, as the result of defendant's negligence in the operation and maintenance of a gasoline service station in Paterson, N. J.

This is the third action plaintiff has instituted against defendant on the same claim: the first, in the United States District Court of New Jersey, was filed on August 14, 1947 and discontinued on July 9, 1948; the second, in the Supreme Court of the County and State of New York, was commenced on August 26, 1948 and discontinued on September 17, 1948; the instant action was filed in this court on December 28, 1948.

Plaintiff, while walking on the public sidewalk in front of the service station was struck by an automobile operated by one Bernice Perritt, who was neither agent, servant nor employee of defendant. It appears that defendant was tenant and in turn sublessor of the premises on which the station was located, the station being at the time operated by one Anthony Iacobelli or his subtenant.

All the necessary witnesses for both plaintiff and defendant are residents of Paterson, New Jersey; plaintiff was treated at the Paterson General Hospital and the medical treatment records are, of course, in that city. The law of New Jersey must be applied.

Plaintiff urges that it is more convenient to travel from Paterson to New York City than to Newark, N. J. On this issue there may well be an honest difference of opinion. Proximity to the forum is not, moreover, a sole or controlling consideration in an application of this nature; if we were to so hold residents of Jersey City, Hoboken and neighbouring cities would all find it more convenient to sue in this court instead of in the District Court of New Jersey.

Marcus & Levy, New York City, and Hyman W. Rosenthal, Newark, N. J., for plaintiff.

Gale, Bernays, Falk & Eisner, New York City (Robert A. Dreyer, New York City, of counsel), for defendant.

446

Defendant desires to implead its subtenant, Iacobelli, as a third-party defendant. Since the latter is a resident of New Jersey, he cannot be impleaded in this court because he is not "subject to the jurisdiction of the court as to * * * service of process." Rules 19(b) and 4(f), Federal Rules Civil Procedure, 28 U.S. C.A. The measure of his liability to defendant is based upon an agreement of indemnity which is a part of his sublease from defendant. There appears to be ample precedent for the exercise of discretion in granting an interpleader under such circumstances, in the Third Circuit. Metzger v. Breeze Corporations, D.C.N.J. 1941, 37 F.Supp. 693; Kravas v. Great Atlantic & Pacific Tea Co., D.C.W.D. Pa. 1939, 28 F.Supp. 66.

There appears to be no good reason for retaining the action in this court. The interests of justice dictate that this action be transferred to the District Court for the District of New Jersey in Newark, N. J.

Settle order on notice providing for the transfer of this action to that court.