### NICOL v. J. C. PENNEY CO.

No. 10116.

United States District Court
E. D. Michigan, S. D.

March 8, 1951.

84

Phillip C. Kelly, Jackson, Mich., for plaintiff.

Vandeveer & Haggerty, Detroit, Mich., for defendant.

KOSCINSKI, District Judge.

This is a motion by defendant for change of venue under the provisions of 28 U.S. C.A. § 1404(a), providing: "(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other dis-trict or division where it might have been brought."

Plaintiff is a resident of Jackson, Michigan and defendant is a Delaware corporation, operating one or more department stores in this judicial district.

Plaintiff claims to have sustained injuries on an escalator in defendant's store at Omaha, Nebraska, when the escalator was in motion between the second and third floors and when it came to an abrupt stop between the floors, as a result of which the plaintiff lost her balance and was thrown down the steps of the escalator. At the time she was accompanied by a woman friend also of Jackson, Michigan. Plaintiff alleges that the accident and consequent fall resulted from the negligent operation or maintenance of such mechanically-operated escalator or moving stairway.

Defendant represents that the escalator was installed in defendant's store at Omaha, Nebraska, on or about April 6, 1950; that it was manufactured by the Multiscope Company of Coffeyville, Kansas; that the O'Keefe Elevator Company of Omaha, Nebraska, is the distributor and agent of Peele Motor Stairs Company, and installed the escalator in defendant's store; that the contractual agreements between said parties provided for the maintenance of the escalator for ninety days from date of installation; that the accident occurred within the ninety-day period; that the parties responsible for the maintenance and operation of the escalator in the period in which the accident happened are subject to the jurisdiction of the United States District Court located at Omaha, Nebraska, and that venue exists at that place as to all of said parties, and does not exist as to all parties in this judicial district. It is further represented by the defendant that if the negligence in the operation of the escalator is that of those who manufactured or installed and maintained and operated the escalator, the defendant would have an indemnity action against such parties; and that because of the existence of this situation this case ought to be transferred to the United States District Court for the District of Omaha, Nebraska, where such par-

ties may be brought in as third party defendants, thereby avoiding multiplicity of lawsuits by having all of the parties who might be involved before the court at one and the same time and in the same lawsuit.

In further support for its motion of change of venue, defendant represents that ten of its employees, who are expected to be witnesses in the case, are all residents of Omaha; that it would be an unnecessary hardship for the defendant to take depositions of these witnesses or, if willing to come here to testify, to pay their expenses for coming to Detroit as witnesses in the case; that the case must in any event be tried under the laws of the state of Nebraska.

In addition to the defendant's ten employees who are expected to be witnesses in this case, there are several other witnesses, such as shoppers in the store, employees or officials of the O'Keefe Elevator Company who installed the escalator in defendant's store, engineers and expert witnesses, all of whom live at or near Omaha, Nebraska.

It is conceded that following the accident plaintiff received first aid and hospitalization in Omaha where the record of her condition at the time is available.

Plaintiff resists change of venue on the grounds that plaintiff herself, and the woman companion who witnessed the accident, are residents of Jackson, Michigan, as are physicians, nurses, hospital attendants, a dental surgeon and a doctor of optometry, who attended plaintiff at Jackson following her arrival at her home after the accident, eight witnesses in all, including plaintiff.

It is true, as plaintiff asserts, that the Peele Stairway Company, successor to the Multiscope Company, manufacturer of the escalator may be sued in this district, but the installation and maintenance of the escalator was by the O'Keefe Company, on whom service of process cannot be made in this district. This circumstance must, with all the other circumstances, be taken into consideration in the determination of the motion to transfer. Banachowski v. Atlantic Refining Company, D.C., 84 F.Supp. 444.

In Gulf Oil Corporation v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055, the Supreme Court set forth the factors to be considered on motions for change of venue. It has said, 330 U.S. at pages 508, 509, 67 S.Ct. at page 843: "An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive * * *. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harrass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. * * * Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. * * * There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself."

As was said in Naughton v. Pennsylvania Ry. Company, D.C., 85 F. Supp. 761: "The doctrine of 'forum non conveniens' as basis for transfer of a cause to another jurisdiction, requires a moving party to show a great deal more than merely that it would be more convenient to try the case in a different jurisdiction, but there must be showing that the inconvenience amounts to actual hardship, since generally a court possessing jurisdiction must exercise it unless the reasons to the contrary are clear and cogent."

Ford Motor Company v. Ryan, 2 Cir., 182 F.2d 329; "[The movant] has burden of making out a strong case for [his] transfer, and plaintiff's privilege, conferred by statute, of choosing forum he selected is a factor to be considered, as against convenience of witnesses or what otherwise might be balance of convenience between parties."

 The statutory provision for transfer of cases to another judicial district for trial is necessarily couched in general terms. The statute does not provide that the trial of a cause be transferred from one district to another for the convenience of the plaintiff or for the convenience of the defendant, since in a substantial number of cases the trial in any one district is bound to cause more inconvenience to one of the parties than to the other. In weighing the convenience of the parties and witnesses the court must look to the civil action as a whole, weigh the relative convenience or inconvenience of parties and witnesses in coming to the place of trial, and decide the trial forum from the standpoint of the furtherance of justice. Each case must be decided on the basis of facts and circumstances appearing therein.

In weighing the relative hardship to be borne by plaintiff if the case be transferred, and that of the defendant if the case be not transferred, I am convinced that the greater hardship would result to the defendant, under all the circumstances, if it be compelled to have the case tried here. There is here a situation in which the balance for the convenience of parties and witnesses, and in the interest of justice, markedly preponderates in favor of the defendant, to use the language of Judge L. Hand in his concurring opinion in Ford Motor Company v. Ryan, 2 Cir., 182 F.2d 329, 332.

It is therefore ordered that said cause be and the same is hereby transferred from this district to the United States District Court for the District of Omaha, Nebraska, and that the clerk of this court transfer the file of the case from this court to the United States District Court for the District of Omaha, Nebraska, together with a certified copy of this order.

It is further ordered that plaintiff may have 30-days' stay of the transfer from the filing of this order.