**Carlos Aponte AYALA, Plaintiff,**

**v.**

**A. H. BULL SS CO., Defendant.**

United States District Court
S. D. New York.

Feb. 20, 1957.

**704**

Jerome Golenbock, New York City, for plaintiff. Donald S. Sherwood, and Harvey B. Nachman, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for defendant. Roland C. Radice, New York City, of counsel.

**FREDERICK VAN PELT BRYAN,** District Judge.

On this motion by defendant, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the District Court of Puerto Rico, the respective parties were represented by the same counsel who appeared in the similar motion in Andino v. Waterman Steamship Corporation, D.C., 148 F.Supp. 701. Both motions were argued and briefed together. The operative facts and circumstances in both cases are substantially parallel.

There is, however, one difference. In the instant case the complaint, filed on July 25, 1956, alleged that the plaintiff was a resident of the State of New York at the time of the commencement of the action, whereas in the Andino case the libelant was alleged to be a resident of Puerto Rico at the time the action was commenced.

The fact that the plaintiff here made an unexplained move from Puerto Rico to New York at some unspecified time between the happening of the accident on October 15, 1955, and the date of the commencement of the action some 10 months later, does not alter the conclusion I reached in the Andino case. To hold otherwise would be to place a premium on attempts to negative implications of forum shopping by accurate timing of a plaintiff's change of residence from the place where a cause of action arose to a more advantageous forum. This would ignore familiar realities and emphasize form rather than substance.

The motion to transfer is granted for the reasons stated in this opinion and in my opinion in Andino v. Waterman Steamship Corporation. Settle order on notice.