**CHICOPEE MANUFACTURING CORPORATION, Plaintiff,**

v.

**The KENDALL COMPANY, Defendant.**

**Civ. A. No. 2060.**

United States District Court
W. D. South Carolina,
Anderson Division.

Aug. 27, 1957.

C. Granville Wyche, Greenville, S. C., Darby & Darby, Floyd H. Crews, New York City, Benton A. Bull, Arnold S. Worfolk, Charles A. Harris, New Brunswick, N. J., for plaintiff.

F. Dean Rainey (Rainey, Fant, Brawley & Horton), Greenville, S. C., H. L. Kirkpatrick, Wm. W. Rymer, Thacher H. Fisk, Boston, Mass., for defendant.

WILLIAMS, District Judge.

This matter. comes before the Court upon motion of the defendant (hereinafter referred, to as Kendall) for an order changing the venue from the United States District Court for the Western District of South Carolina, Anderson Division, to the United States District Court for the District of Massachusetts, no division being specified, under Title 28 U.S.C.A. § 1404(a).

This action was instituted in the United States District Court for the Western District of South Carolina, Anderson Division, by plaintiff, Chicopee Manufacturing Corporation (hereinafter referred to as Chicopee), against Kendall for patent infringement of U. S. Letters Patent No. 2,691,391 and its reissue, No. RE 24,139. The patent is concerned with a particular weave of diaper fabric and constituent threads used in such weave. The diapers made by Chicopee under the patent are manufactured only at Walhalla, South Carolina in this division, and Gainesville, Georgia. The diapers made by Kendall which are claimed to be in violation of plaintiff's patent are manufactured only at Pelzer, South Carolina, in this division.

Plaintiff's patent is a joint patent issued to Samuel L. Jamison and Fred Yates who live respectively in Gaines-

ville, Georgia and Springfield, Massachusetts.

Since motion to transfer was made and before the same was heard by the Court, defendant filed an answer and counterclaim in which it denied the alleged infringement of Chicopee's patent and alleged by way of counterclaim that Chicopee had infringed its patent No. 2,713,-359.

The decision of this motion is governed by Title 28 U.S.C.A. § 1404(a) which reads as follows:

"§ 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The transfer statute, 28 U.S.C.A. § 1404(a), enacted in 1948, is an outgrowth of the common law doctrine of *forum non conveniens*. This doctrine provides that the plaintiff's choice of forum within the requirements of the venue statutes was inviolate unless the defendant could show that such choice was so inconvenient as to "vex, harass or oppress" the defendant by inflicting upon him unnecessary expense or trouble. The sole remedy under this common law doctrine calls for the dismissal of plaintiff's action.

The transfer statute [28 U.S.C.A. § 1404(a)] sought to mitigate the harshness of this doctrine both to the defendant and the plaintiff and to provide an equitable middle ground. The Supreme Court of the United States has recently had occasion to interpret the effect of this statute in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, 790. Although the Court held that the effect of the transfer statute was to broaden the discretion the trial Court exercised under the *forum non conveniens* doctrine, it specifically said that the relevant factors upon which the Court is to base its decision were not changed by the statute.

At page 32 of 349 U.S., and page 546 of 75 S.Ct., the Court, speaking through Mr. Justice Minton in the Norwood case said:

"When Congress adopted § 1404 (a), it intended to do more than just codify the existing law on *forum non conveniens*. As this Court said in Ex parte Collett, 337 U.S. 55-61, 69 S.Ct. 944, 93 L.Ed. 1207, Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens,* dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term 'for the convenience of parties and witnesses, in the interest of justice,' intended to permit courts to grant transfers upon a lesser showing of inconvenience. *This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader.*" (Emphasis added.)

The Supreme Court, in construing the statute, gave weight to those factors which it had previously enunciated under the common law doctrine of *forum non conveniens*. These factors had their classic statement in a Supreme Court decision just prior to the enactment of the transfer statute in 1948. Gulf Oil Corp. v. Gilbert, 1947, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1005. The Court, speaking through Mr. Justice Jackson, stated at page 508 of 330 U.S. and page 843 of 67 S.Ct.:

"Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown

a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. *But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.*" (Emphasis added.)

█ The burden of showing the necessity for transfer under the statute rests strongly on the party seeking a change of venue.

As indicated in the above quotation from the Gulf Oil case, the Supreme Court said in effect that unless the balance is strongly in favor of the moving defendant for change of venue, the plaintiff's choice of forum should rarely be disturbed. In the Norwood case, supra, the Supreme Court indicated that the relevant factors have not been changed by the transfer and stating, though expressing it negatively, that the plaintiff's choice of forum is one of the relevant factors to be considered. In the case of National Tea Company v. The Marseille, D.C.S.D.N.Y.1956, 142 F.Supp. 415, Judge Levet stated that the plaintiff's choice of forum should rarely be disturbed unless the balance of convenience is strongly in favor of the defendant, citing Gulf Oil, supra, and adding at page 416:

"The libellant's choice of forum is a substantial privilege and this court will not speculate upon the basis of the statements set forth in the moving affidavit that the convenience of the parties and witnesses would best be served by a transfer of this suit to New Orleans. Accordingly, respondent's motion to transfer this suit to the Eastern District of Louisiana at New Orleans is denied."

█ In the case of Leppard v. Jordan's Truck Line, D.C.E.D.S.C.1953, 110 F.Supp. 811, I stated that great weight should be given to the plaintiff's choice of forum, and this choice of forum should not be disturbed unless the moving party presents clear evidence that the removal of the case should be for the convenience of the parties and witnesses and in the interest of justice. It appears from the affidavits of plaintiff that he will use nine witnesses; that seven of these witnesses reside in Gainesville, Georgia, and two in Walhalla, South Carolina. It appears from the affidavit of the defendant that he will call witnesses who reside in the following places: three from Walpole, Massachusetts; one from New Jersey; one from Georgia; two from Springfield, Massachusetts; one from St. Paul, Minnesota; and one from Paw Creek, North Carolina.

█ It is, therefore, quite clear that the defendant has not made out a case for removal. The plaintiff's selection of a forum as stated above is an important consideration. I find that the requirements of Section 1404(a), supra, have not been met.

For the foregoing reasons, the defendant's motion to transfer the above entitled action should be denied. It is, therefore,

Ordered that the defendant's motion be and the same is hereby denied.