Oscar WILSON and Clettis Wilson, Plaintiffs,

v.

The GREAT ATLANTIC & PACIFIC TEA COMPANY, a corporation, Defendant.

No. 11274.

United States District Court
W. D. Missouri, W. D.

Dec. 5, 1957.

Weber Gilmore, Sikeston, Mo., David R. Hardy, Wm. W. Shinn, Sebree, Shook, Hardy & Ottman, Kansas City, Mo., for plaintiffs.

Lyman E. Field, Rogers, Field, Gentry & Jackson, Kansas City, Mo., for defendant.

RIDGE, District Judge.

This is an action by plaintiffs, mother and father, for the wrongful death of a viable infant *en ventre sa mere.* It is alleged that the injury resulting in the

child's death, in the mother's womb, was caused by the negligence of an employee of the defendant who came into contact with plaintiff Clettis Wilson, striking, jarring and jolting her and said child, at a time when they were invitees in the business premises of defendant in Sikeston, Scott County, Missouri. Besides doing business in Sikeston, which is located in the Southeastern Division of the Eastern District of Missouri, the defendant, a foreign corporation, also is doing business in Kansas City, Missouri, in the Western Division of the Western District of Missouri. Having venue in this District, the plaintiffs brought their action in this Court. Under Section 1404(a), Title 28 U.S.C.A., the defendant has moved to transfer this action to the Southeastern Division, of the Eastern District of Missouri, located at Cape Girardeau, Missouri, where it might have been brought.

Briefly summarized, the defendant's reasons for transfer are:

(1) Cape Girardeau is approximately 30 miles distant from the Sikeston area where plaintiffs live, while by rail travel via St. Louis, Sikeston is 420 miles distant from Kansas City.

(2) The defendant intends having available to testify at the trial six or more witnesses who live in the vicinity of Sikeston.

(3) The travel and per diem expense to have these witnesses available for a trial before this Court in Kansas City would be a great hardship to the defendant.

(4) The alternative of using their depositions would be unfair to defendant.

Hence, defendant says it would be more convenient for the parties and witnesses and, therefore, in the interest of justice to transfer this cause as it prays.

In determining whether such a transfer should be made, the following facts which the plaintiffs have established by unopposed affidavits filed in support of their opposition to transfer, must be considered:

(1) The plaintiffs are members of the Negro race, living in Sikeston, a town near the northern border of Arkansas;

(2) The school integration problem in Arkansas is causing racial tension in the Sikeston area and throughout the Southeastern Division of the Eastern District of the United States District Court for Missouri;

(3) Particularly, because on the 5th day of January, 1957, a white youth and popular high school football player in Charleston, located 14 miles from Sikeston, was killed and his girl friend raped by an unknown person whom the girl claimed was a Negro. For two months thereafter, racial tension in the area nearly resulted in riots;

(4) By separate affidavits of the Mayor of Sikeston and the State Prosecuting Attorney of Scott County, Missouri, in which Sikeston is located, the unequivocal opinion is expressed,—that the plaintiffs in this case cannot, because of their race, have an impartial trial of their claim before an impartial jury— in the Federal Court of the Southeastern Division of the Eastern District of Missouri,—because the Southeastern Division covers the entire "Bootheel" of Missouri and the jury that would be selected for a trial of such a claim would come from the "Bootheel" where racial problems and tension have been strained to the point that plaintiffs would not be afforded an impartial jury to hear their claims;

(5) The plaintiffs intend to have available as a witness at the trial of this cause a specialist in obstetrics located in Kansas City, Missouri, because such an expert witness is not available to them in Southeast Missouri.

As a consequence, the plaintiffs assert that it would not be in the "interests of justice" to transfer this cause to the Southeastern Division, at Cape Girardeau, Missouri, under Section 1404(a), supra, as prayed by defendant.

From the foregoing, it clearly appears that notwithstanding the fact that it would be more convenient for the wit-

nesses and parties if this cause was transferred to the Southeastern Division of the Eastern District of Missouri for trial, yet under the present prevailing conditions in that District it might be possible that a jury impaneled in that transferee court might not be perfectly impartial toward the plaintiffs, if such transfer is made in accord with defendant's motion. To order a transfer which might give rise to such a mere possibility, in a case where the defendant has requested trial by jury, gives us some concern. Our quandry arises, not from the fact that a charge of probable prejudice existing in a transferee court is not a matter to be considered in determining the right of transfer in the "interests of justice" under Section 1404 (a), supra, but whether the subject matter of the instant claim of racial prejudice is one that should be considered by a transferor court within the ambit of said section; relating as it does, to an area of alleged racial prejudice that is not so apparent within our judicial boundaries. As a practical problem in the administration of justice, it seems that such a subject matter is one which should be relegated to, and determined by, the court having jurisdiction over the alleged area of racial prejudice, and that the same should be raised and presented to that court under Section 1404(b), Title 28 U.S.C.A., and not to a foreign forum under 1404(a), supra, before transfer.

■■ But that is not the law. Under Section 1404(a), supra, the combination of factors to be considered as to whether the transfer of an action should be so made, has been set by the Congress. The weight to be given to the content of such factors is a matter for decision by this Court. A guide as to 'how a transferor court should consider and weigh those factors was stated by Mr. Justice Jackson, in Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, as follows:

"An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant.

Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. * * * The court will weigh relative advantages and *obstacles to fair trial* * * * (and) unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (Emphasis and parenthesis added.)

In addition to the above, there is the legal proposition, stated by other controlling authority, that the burden of proof is on the defendant to make out a strong case for the transfer of an action under Section 1404(a), supra. New York, C. & St. L. R. Co. v. Vardaman, 8 Cir., 1950, 181 F.2d 769; Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329. When we consider the above, and recall to mind the sage remark of Lord Eldon, "It is better that the law should be certain than that a judge should speculate upon improvements of it," Solmond on Jurisprudence, 8th Ed. (1930) 194–5, our supposed dilemma is dissipated.

We cannot pass on to our brethren of the Bench, in the Eastern District of Missouri, judicially characterful though we know them to be, an obligation that is ours, namely, to determine from the instant record whether there are any "obstacles to a fair trial" of plaintiffs' claim in the Southeastern Division, if this action should be transferred to the docket of that Court. The law in that respect is certain.

■■ Defendant's right to have this action transferred as here prayed can only be granted if the inconvenience attending plaintiffs' choice of forum forces an apparent hardship on the defendant, which outweighs the possible result of injustice to the plaintiffs if transfer should be granted. Who can

gainsay that defendant has not sustained the burden of proof cast upon it, under the law, respecting that proposition? Particularly, when defendant has not joined issue with plaintiff thereon, and the affidavits of prejudice aforesaid, of the Mayor of Sikeston and the Chief Prosecuting Official of Scott County, Missouri, here stand unopposed. Plaintiffs have demonstrated special circumstances behind their selection of forum for trial of their claim. Plaintiffs' choice of forum ought not be lightly disturbed.

This Court must give due regard not only to the inconvenience of the parties and witnesses, as clearly established by defendant, but also to the factor of racial prejudice, as proffered by plaintiffs and unanswered by defendant, in determining whether it would be in the "interests of justice," before transfer of this action may be here ordered.

Defendant's motion to transfer is denied. It is so ordered.