Fredericka **FINDEAILE** and Mary Knox, Plaintiffs,

v.

The **CHESAPEAKE AND OHIO RAILWAY COMPANY**, Defendant.

Civ. No. 18422.

United States District Court
E. D. New York.

March 12, 1958.

**630**

Sydney Rothstein, Brooklyn, N. Y., for plaintiffs, Kreindler & Kreindler, New York City, Paul S. Edelman, New York City, of counsel.

Donovan, Leisure, Newton & Irvine, New York City, for defendant, Walter R. Mansfield, Robert F. Morten, Burr F. Coleman, New York City, of counsel.

BRUCHHAUSEN, District Judge.

The defendant seeks an order transferring this action to the United States District Court for the Eastern District of Virginia, pursuant to 28 U.S.C. § 1404

(a) which provides that an action may be transferred "for the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought.

The following mentioned matters seem to be undisputed:

That the accident in which the plaintiffs claim to have sustained injuries occurred on or about January 20, 1956 at Warwick, Virginia;

That on January 15, 1957, the plaintiffs and others, commenced an action against the defendant to recover damages for their alleged injuries in the Supreme Court, Kings County;

That on May 29, 1957, upon the defendant's motion, the said action was dismissed upon the ground of forum non conveniens in that the plaintiffs were non-residents of the State of New York, suing the defendant, a foreign corporation, on a tort claimed to have been committed in a foreign jurisdiction;

That in the said Court there was presented an affidavit of the defendant's investigator, setting forth that he conferred on May 14, 1957 with the plaintiff, Mary Knox, at her home in Warwick, Virginia; that she stated that she lived there at the time and had lived there continuously for the past fifteen years; that it was the home of her parent and that she expected to continue to reside there;

That, in the same affidavit, the said defendant's investigator stated that on said date he also conferred with the mother of the plaintiff, Fredericka Findeaile, at her home in Warwick, Virginia, and was informed that the plaintiff had resided there for a number of years;

That on January 9, 1958, the plaintiffs commenced an action against the defendant in the Supreme Court, Nassau County, wherein they alleged residence in that county;

That the defendant, on or about January 28, 1958, filed a petition for removal of said action to this Court, upon the ground that the action involved a con-

troversy between citizens of different States;

That the plaintiff, Fredericka Findeaile, has submitted an affidavit upon this motion, sworn to February 19, 1958 to the effect that she was born in New York City, resides in Nassau County and has worked there as a domestic for over three months;

That the plaintiff, Mary Knox, has also submitted an affidavit, sworn to February 18, 1958 to the effect that she resides in said County and has worked there as a domestic for over five months.

■ In Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329, the Court held that unless the balance is strongly in favor of the defendant upon an application such as this one, the plaintiff's choice of forum should rarely be disturbed, also that the defendant has the burden of making out a strong case for a transfer and that the plaintiff's privilege of choosing the forum selected by such plaintiff is a factor to be considered as against the balance of convenience as between the parties.

The defendant contends that the following mentioned factors favor transfer of the action to the Virginia Court, viz.:

The accident occurred in Virginia;

The plaintiffs resided there at that time;

The plaintiffs' residence in this State is temporary, effected for the purpose of invoking jurisdiction;

The defendant is a Virginia corporation, actively engaged in that State, and its only business in New York State consists of passenger or freight solicitation, from an office located in the neighboring Southern District.

The defendant's witnesses, numbering eight, all reside in Virginia, and that at the present time six of them are employed by the defendant and that none of them could lawfully be served with process for attendance at the trial here and that even if they could be produced, it would entail substantial loss of time on their part;

The case will be governed by the law of Virginia.

The plaintiffs claim the following mentioned circumstances support their position:

They reside within this District and are therefore entitled to select this Court as the forum and that they will be prejudiced by removal and subjected to unwarranted expense;

The plaintiffs are the only eye witnesses to the accident and that a third witness resides within the District of New Jersey.

■ Upon carefully weighing the pertinent elements, and giving proper consideration to the choice of forum, the Court concludes that the defendant has sustained its burden of making out a strong case for transfer. In reaching this conclusion the Court is conscious of the fact that the plaintiffs have acquired residence here, however brief it may have been. In this connection, the statement of Judge Galston in his opinion in Chaffin v. Chesapeake & Ohio R. R. Co., D.C., 80 F.Supp. 957, 958 is significant, viz.:

"It is in the first place open to question whether the plaintiff is a bona fide resident of the County of Kings, and whether he did not establish temporary residence to enable him to bring suit in that county. In such circumstances, as was said by Mr. Justice Brandeis in Michigan Central R. Co. v. Mix, 278 U.S. 492, 49 S.Ct. 207, 209, 73 L.Ed. 470, the fact that the plaintiff had acquired a residence within the State of Missouri 'before commencing the action does not make reasonable the imposition upon interstate commerce of the heavy burden which would be entailed in trying the cause in a state remote from that in which the accident occurred and in which both parties resided at that time'."

The motion is granted. Submit order.