**Jose B. CALVA, Plaintiff,**

v.

**AMERICAN AIR LINES, INC.,
Defendant.**

**No. 4–58–Civ.–411.**

United States District Court
D. Minnesota,
Fourth Division.

Oct. 7, 1959.

Hall, Smith, Hedlund, Juster, Forsberg & Merlin, Minneapolis, Minn., for plaintiff.

Paul J. McGough, Faegre & Benson, Minneapolis, Minn., for defendant.

DEVITT, Chief Judge.

This matter is before the Court on defendant's motion under 28 U.S.C. § 1404(a) 1952 to transfer venue to Dallas in the Northern District of Texas.

The plaintiff, a Minnesota citizen and Minneapolis resident of Mexican origin, claims damages based on an alleged

breach of an airplane carriage contract and for unjust discrimination practiced upon him in 1958 at the Dallas, Texas, airport. He asserts that he was wrongfully removed from one of defendant's airplanes, upon which he had a reservation, as it was about to take off for Mexico City.

The defendant denies unjust discrimination and admits that plaintiff was removed from the airplane but only because he failed to re-confirm his reservation, as required, and because there was no available space. The defendant plans to substantiate its defense by presenting three, or more, of its Dallas employees who were directly involved in the incident. It does not appear that plaintiff will call any witnesses from Minnesota other than himself.

Section 1404(a) provides that for the convenience of parties, in the interest of justice, a district court may transfer a civil action to any other district where it might have been brought.

In attempting to bring the present situation within the operation of this section, the defendant relies mainly on three factors; first, that the law governing exemplary damages will be that of Texas, where the incident occurred; second, that the defendant's cost and inconvenience of transporting its employees from Dallas to Minneapolis will be greater than the plaintiff's cost and inconvenience in going to Dallas; third, that the defendant has minimal association with Minnesota, its only activity in the state being the maintenance of a one-man sales office.

The plaintiff resists the transfer on the simple assertion that under federal venue provisions he should be permitted to maintain the action in the district where he resides and which is more convenient for him. He also claims that racial tension and prejudice against persons of Mexican descent in Texas preclude a fair jury trial if the suit is transferred to that state.

Without considering the problem of racial prejudice posed by the plaintiff, it appears to me that the factors of incon-venience raised by the defendant are insufficient to outweigh the inconvenience to the plaintiff which a transfer would entail when appropriate weight is attached to plaintiff's choice of his home district as the forum.

The Supreme Court in Norwood v. Kirkpatrick, 1955, 349 U.S. 29, 75 S.Ct. 544, 99 L.Ed. 789, established that the discretion to be exercised in transferring a case under section 1404 (a) is broader than that to be exercised in dismissing a case under the doctrine of *forum non conveniens*. But even since Norwood, moving defendants are still required to show a strong balance of inconvenience in their favor before the court is justified in disturbing the plaintiff's choice of forum. Wilson v. Great Atlantic & Pacific Tea Co., D.C.W.D.Mo. 1957, 156 F.Supp. 767; Chicopee Mfg. Corp. v. Kendall Co., D.C.W.D.S.C.1957, 154 F.Supp. 248; McKinney v. Southern Pac. Co., D.C.S.D.Tex.1957, 147 F.Supp. 954; National Tea Co. v. The Marseille, D.C.S.D.N.Y.1956, 142 F.Supp. 415.

Although there are situations where inconvenience and injustice to the defendant are so great as to outweigh the fact that suit was originated in the district of the plaintiff's residence, Morgan v. Illinois Central R. Co., D.C.S.D.Tex. 1958, 161 F.Supp. 119; Ayala v. A. H. Bull S.S. Co., D.C.S.D.N.Y.1957, 148 F. Supp. 703; Harwich v. Atlantic Coast Line R.R., D.C.Mass.1955, 129 F.Supp. 558; Nicol v. J. C. Penney Co., D.C.E.D. Mich.1951, 97 F.Supp. 83, the bringing of the suit in the district where the plaintiff permanently resides is of substantial importance in counterbalancing the arguments for transfer of venue. Davis v. American Viscose Corp., D.C.W.D.Pa. 1958, 159 F.Supp. 218; Findeaile v. Chesapeake & Ohio Ry. Co., D.C.E.D. N.Y.1958, 159 F.Supp. 629; Cressman v. United Air Lines, Inc., D.C.S.D.N.Y.1958, 158 F.Supp. 404, 407 (dictum).

The factors raised by the defendant here are relevant, but their weight is not sufficient to constitute the strong showing required to justify transfer. The inequity arising from the disproportion

in numbers of witnesses expected to be presented by the parties is offset by reason of the defendant's ability to bring its witnesses on its own planes, and those of other air carriers, without fare expense. The difficulty in applying Texas law does not appear to be serious, and the burden on interstate commerce will be slight in view of the contemplated simplicity and brevity of the law suit.

See Bush v. United Air Lines, Inc., D.C.S.D.N.Y.1956, 148 F.Supp. 104.

The motion is denied.