**Raul DEGEAS, Plaintiff,**

v.

**AMERICAN PRESIDENT LINES, Ltd., Defendant.**

United States District Court
S. D. New York.
Nov. 12, 1959.

Gilbert S. Rosenthal, New York City, for plaintiff.

Symmers, Fish & Warner, New York City, for defendant. William G. Symmers, New York City, of counsel.

METZNER, District Judge.

Defendant moves, pursuant to Title 28 U.S.C.A. § 1404(a), to transfer the above action pending in this court to the United States District Court for the District of New Jersey. The motion was made within 20 days after the service of the complaint.

The action is brought by a maintenance worker employed by P. N. Ship Cleaning, Inc., which had been hired to do some work on defendant's ship while it was anchored at Jersey City. The complaint alleges that plaintiff suffered injury when he was struck by a tank cover while on the vessel, and he seeks damages

against the owner based on its negligence and the unseaworthiness of the vessel.

 The action is properly in this court on the grounds of diversity—plaintiff is a resident of the City of New York and the defendant is a Delaware corporation having an office for doing business in the City and State of New York. The reasons given by defendant for a change of venue do not sustain a showing of necessity for granting its motion except the one predicated on its desire to implead as a third-party defendant, plaintiff's employer, P. N. Ship Cleaning, Inc. Fed.R. Civ.P. 13(h) and 14(a), 28 U.S.C.A. The latter is a resident corporation of New Jersey and is not subject to the process of this court. Fed.R.Civ.P. 19(b) and 4(f).

Defendant's affidavit in support of its motion states that "defendant's investigation has developed that at the time of the occurrence complained of, only the agents, servants and employees of the P. N. Ship Cleaning Inc. were involved in the job being done." I am of the opinion that on a motion of this character, based on the desire to implead a third-party defendant, something more must be shown to satisfy the accepted rules for granting such a motion. Ford Motor Co. v. Ryan, 2 Cir., 1950, 182 F.2d 329. The facts set forth are not sufficient to show that the third-party defendant is or may be liable to defendant for all or part of plaintiff's claim against said defendant. They do not sustain the implication that the cleaning company's negligence caused a tank cover to injure plaintiff. It may be that after further investigation or depositions taken the defendant would be entitled to the granting of its motion.

In Fein v. Public Service Coordinated Transport, D.C.E.D.Pa.1958, 165 F.Supp. 370, the court permitted transfer from the Eastern District of Pennsylvania to the District of New Jersey for the purpose of enabling the defendant to join a third-party defendant not subject to process in Pennsylvania. The court did not indicate the extent of the basis of defendant's claim to a transfer. In all of the other cases cited by defendant which are applicable to the one ground presented for decision here, there was either a specific contract of indemnity between defendant and the proposed third-party defendant (Banachowski v. Atlantic Refining Co., D.C.S.D.N.Y.1949, 84 F.Supp. 444; Tuck v. Pennsylvania R. Co., D.C. E.D.Pa.1954, 122 F.Supp. 527), or there were additional persuasive grounds for granting the transfer (Nicol v. J. C. Penney Co., D.C.E.D.Mich.1951, 97 F. Supp. 83) or the court specifically found that the only factual issue in suit would have to be litigated between the defendant and the third-party defendant (Deepwater Exploration Co. v. Andrew Weir Insurance Co., Ltd., D.C.E.D.La.1958, 167 F.Supp. 185).

Motion denied with leave to renew upon a showing of sufficient facts to sustain the application.