Edward C. BIEDRZYCKI

v.

ALCOA STEAMSHIP CO., Inc.

Civ. A. No. 28308.

United States District Court
E. D. Pennsylvania.

Feb. 27, 1961.

Dorfman, Pechner, Sacks & Dorfman, by John Dorfman, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, by John J. Guilfoyle, Philadelphia, Pa., for defendant.

WOOD, District Judge.

This is an action by a seaman to recover for injuries to his fingers which occurred on board the defendant's ship the "Alcoa Pilgrim." The defendant has moved to transfer the action to the District Court for New Orleans, pursuant to Title 28 U.S.C.A. § 1404(a). That section reads as follows:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

We note at the outset that the burden of persuading us that the interest of justice would best be served by the transfer is on the defendant. Revere Camera Company v. Masters Mail Order Comnany, D.C.Md.1954, 127 F.Supp. 129. Unless the balance of convenience is strongly in favor of the defendant, the plaintiff's choice of a forum should rarely be disturbed. Johnson v. Smith Meal Company, Inc., D.C.N.Y.1958, 160 F. Supp. 208. Putting it another way, the defendant is required to show a strong balance of inconvenience to it before the Court is justified in disturbing the plaintiff's choice of forum. Calva v. American Air Lines, Inc., D.C.Minn.1959, 177 F. Supp. 238; and Chicopee Manufacturing Corp. v. Kendall Co., D.C.W.D.S.C.1957, 154 F.Supp. 248. Keeping in mind these guiding principles, we briefly summarize the factors to be considered in deciding this motion.

The plaintiff's injuries do not present a complicated medical problem. He sustained fractures and lacerations to three fingers and was treated at the United States Public Health Service Hospital in New Orleans, Louisiana. He also was examined by two of defendant's doctors who reside in New Orleans.

All information concerning injuries to seamen employed aboard defendant's vessels is handled by the company's Marine Division. The Marine Division is located in Mobile, Alabama. Defendant also has an office in New Orleans.

There was only one eye witness to the accident. He now resides in North Dakota. The defendant has indicated its plans to call four other witnesses to testify as to the condition of the ship's gear and as to the report which plaintiff made to the ship's officers after the accident. Three of these witnesses are still employees of the defendant. They regularly go to sea on the "Alcoa Pilgrim." In between voyages, two of them reside in Mobile, Alabama, and one in Jackson Heights, New York. The fourth witness lives in Sylacauga, Alabama. The "Alcoa Pilgrim" makes calls at the port of New Orleans. It also makes calls at the port of Philadelphia.

The plaintiff customarily gives his mailing address as Jersey City, New Jersey, where his mother still resides. However, he left that city in 1957 and to date has returned only once for a visit. Recently, plaintiff has been shipping out of the port of New Orleans. In between voyages, he has resided at the Little Club Bar in New Orleans.

Defendant has argued from the above information that the convenience of both plaintiff and defendant and the witnesses would best be served by transferring the action to New Orleans. The two doctors who examined plaintiff are in New Orleans and would be available to testify there. The records of the Marine Division are located close by in Mobile, Alabama. The hospital records, or photostatic copies thereof, are readily available in New Orleans. The homes of three of the four witnesses whom defendant plans to call are located in Alabama. Finally, defendant points out that plaintiff does not reside in the Eastern District of Pennsylvania, and that indeed there is no factual connection between this suit and this District.

To counter, plaintiff points out that the records of the Marine Division and the hospital records could easily be mailed to Philadelphia; that the United States Public Health Service doctors rarely appear in Court to testify in any event, and that their depositions could be used as easily in Philadelphia as in New Orleans; and that three of the defendant's witnesses, being seamen, may be unavailable to testify at the time of trial no matter where the case is tried. As far as the defendant's two doctors are concerned, plaintiff states that defendant could obtain a doctor in Philadelphia to read and explain the X-rays of plaintiff's fractured fingers. As we pointed out above, no complicated medical testimony is involved.

It is plaintiff's view that any inconvenience to defendant in trying the case in this District is so slight as to be insufficient to overcome the plaintiff's right to choose a forum.

We agree with the plaintiff. We think plaintiff's choice of this forum is entitled to primary consideration. Even though he does not reside within the boundaries of the Eastern District of Pennsylvania, his home is close by in New Jersey. We think the fact that he has recently spent his time between voy-

ages in New Orleans is not a strong argument for defendant's motion to transfer. The defendant has not, in our opinion, shown that a "preponderance of the facts"[1] require the case to be transferred.

Accordingly, the defendant's motion to transfer is Denied.

---

1. See United States v. Gerber, D.C.E.D.Pa.1949, 86 F.Supp. 175, 178.