**Kenneth KELLNER, Plaintiff,**

v.

**Leonard R. SAYE, Defendant.**

**Civ. 03188.**

United States District Court
D. Nebraska.

Dec. 5, 1969.

R. L. Gilbert, Morrill, Neb., for plaintiff.

Morton Galane, Las Vegas, Nev., and Warren S. Zweiback, Omaha, Neb., for defendant.

## MEMORANDUM and ORDER

VAN PELT, District Judge.

This matter is before the Court on the motion of the defendant, Leonard R. Saye, for a change of venue pursuant to Title 28 U.S.C.A. § 1404(a). A hearing was held on the motion, briefs submitted, and the matter now stands ready for determination.

It is necessary to set forth the circumstances of this case as they have occurred since the original filing of the action. This is an action on a promissory note. It was originally filed in the District Court of Scotts Bluff Country, Nebraska, on November 25, 1968. An Order of Attachment was issued the same day, attaching a stock certificate located in the First National Bank of Morrill, Nebraska. The certificate represents 287.5 shares in Paradise Memorial Gardens, Inc., a Nevada corporation. On Decem-

ber 20, 1968, a petition for removal was filed by the defendant in the United States District Court. The defendant then filed a motion to dismiss or in lieu thereof to quash service of process. The motion, filed December 27th, alleged lack of jurisdiction over the person of the defendant. At a hearing held upon the motion, the defendant urged that the stock certificate upon which jurisdiction was based was placed in the Bank at Morrill without the defendant's knowledge for the purpose of attachment in the present action. Judge Robinson in his Memorandum and Order of April 7, 1969 (filing 20) held the argument to be without merit and that service of process and jurisdictional prerequisites were met. On May 14, 1969 the defendant filed an answer and counterclaim in the action. The plaintiff responded on June 2, 1969 and an order was entered June 13 setting July 9 for a pre-trial conference. The defendant filed the motion for change of venue now under consideration on July 1, 1969.

■ The venue of a removed action is controlled by 28 U.S.C.A. 1441(a):

"Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

It would appear that the venue of the present action is properly laid in this district. Carter v. American Bus Lines, Inc., 169 F. Supp. 460 (D.C. Neb. 1959).

The defendant, however, seeks the requested transfer under 28 U.S.C.A. 1404 (a). This statute is permissive and allows a case to be transferred for the convenience of parties and witnesses, when the interests of justice so requires, to a district where the action might have been brought.

The operative facts of the various transactions concerning the note and stock certificate in question are set forth in the Memorandum and Order of Judge Robinson.

"On or about November 22, 1963, the defendant and several others entered into a written agreement for the formation of a Nevada corporation. As a part of that agreement plaintiff agreed to loan defendant and others $28,750.00 each, the necessary amount to purchase one-fifth [⅕] interest in the corporation. Said agreement also provided that the notes evidencing the loan were to be secured by each debtor's stock certificate, the certificates to be held in escrow by a mutually agreeable escrow agent until such time as the notes had been fully paid.

On the date the certificates were issued plaintiff asked the shareholders 'where they wanted him to put the stock'. Either Mr. Wenzel or Mr. Fleming told plaintiff that he could 'put them anywhere he wanted to as long as they were in escrow.' Mr. Saye, who was present at the meeting, did not express any disagreement with the above comment; nor did he suggest where the certificates should be kept or whom the escrow agent should be.

In early 1967 plaintiff deposited reissued certificates of the other shareholders with the First National Bank of Morrill, Nebraska. The Bank wrote the defendant on May 5, 1967 stating that it held his stock certificate and requested his signature on an assignment form so the stock could be held in escrow. While Mr. Saye did not sign the assignment agreement, there is no evidence that he ever objected to the Bank's possession of the certificate until Mr. Saye was given notice by an October 22, 1968 letter that he had until November 22, 1968 to pay the full amount due upon two notes to the

plaintiff or his stock certificate would be turned over to Mr. Kellner."

The plaintiff, Kenneth Kellner, is a resident of the State of Wyoming. Defendant is a resident of Nevada. All transactions concerning both the original claim and the counterclaim arose in the District of Nevada to which transfer is sought in this case. It appears that the only connection that this lawsuit has with the District of Nebraska is the attached stock certificate in the First National Bank at Morrill.

Title 28 U.S.C.A. § 1404(a) provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

We are met at the outset with the claim of the plaintiff that the motion for change of venue was not timely and thus the requested transfer should not be granted. It appears that the suit was instituted on November 25, 1968 in the state court. By virtue of several motions, an answer was not filed until May 15, 1969. The motion for a change of venue was not filed until July 1.

Were we faced here with an objection that venue is improperly laid in this court, there is authority for the conclusion that the filing of a counterclaim waives such an objection. Textron Inc. v. Maloney-Crawford Tank & Mfg. Co., 252 F.Supp. 362 (S.D.Tex.1966).

■ Our case, however, is one in which the defendant requests transfer on the basis of convenience and in the interests of justice. We are of the opinion that the delay of one and one-half months between the filing of the answer and the motion is not of such magnitude so as to preclude an examination of the request on its merits. 1 Moore's F. Prac. ¶ 0.145[4.–3].

■ We note the limitation of this court's power to effect a transfer contained in § 1404(a). We may transfer only to a district where the action might have been brought in the first instance.

Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Professor Moore sets out the criteria to be applied in determining whether the transferee court is in a district where the action might have been brought.

"The courts are in accord that a district or division is one where the action 'might have been brought' if (1) the proposed transferee-district court is one which has jurisdiction over the subject matter of the action, (2) venue is proper there, and (3) the defendant is amenable to process issuing out of the transferee-district court." Moore's at § 0.145[6.–1]

This provision should not be narrowly construed so as to limit the number of federal forums available for transfer where justice so requires. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

There seems little question that defendant as a Nevada resident is amenable to process issuing from the District Court for the District of Nevada. Also, the venue requirement provides no bar to transfer whether the suit had been brought in the Nevada courts and removed to the District Court or filed as an original action in the District Court. Van Dusen, supra. The most serious problem arises with subject matter jurisdiction.

■ The jurisdictional amount in a diversity suit has been met and can offer no bar to transfer. However, it is the position of the plaintiff that his action is in rem in nature, by virtue of the attachment of the stock certificate, and thus could not have been brought in Nevada as the certificate is lodged in Nebraska.

This court disagrees with this interpretation of the nature of the action before us. The action, it is true, was commenced by attachment of a stock certificate in Nebraska. However, the suit is basically a suit on a promissory note, the attachment merely being a provisional remedy. The action is best characterized as quasi-in rem.

Plaintiff could have filed suit on his note in the Nevada courts. Attachment would not have been necessary in such a case as the defendant was amenable to process in that state. Attachment would not have been necessary to secure service of process over a non-resident defendant as was necessary in the suit instituted on the note in Nebraska. Also, there appears to be no question of threatened loss of the security if a judgment is entered in the plaintiff's favor. The Bank at Morrill has the certificate in its possession. Secondly, the agreement between the parties dated November, 1963 attached as Exhibit 1 to filing number 11 indicates that the stock certificates were given as security for the notes in question.

There appears no reason why this case "might not have been brought" in the State of Nevada at the outset.

We turn to examine the particular elements of this case to determine whether it is a proper case for transfer for the convenience of the parties and in the interest of justice.

■ In determining a motion to transfer under 28 U.S.C.A. § 1404(a), due consideration must be given to the plaintiff's original selection of the forum. Vandusen v. J. C. Penny Co., 207 F. Supp. 529 (W.D. Ark. 1962). However, where none of the conduct complained of occurred in the forum selected by the plaintiff and neither the plaintiff nor the defendant are residents of the forum, this factor has minimal weight. Grubs v. Consolidated Freightways, Inc., 189 F.Supp. 404 (D.C.Mont.1960); Cressman v. United Airlines, Inc., 158 F.Supp. 404 (S.D. N.Y. 1958).

■ The court is of the opinion that this is a proper case for transfer. All operative facts arose in Nevada. As shown by the affidavit tendered in support of the motion, all witnesses to be called at the trial are residents of Nevada and thus not subject to compulsory process in this district. Without attempting to resolve the question, we note certain questions as to the applicable law to be applied in the case and there are indications that the law of the State of Nevada will govern certain aspects of the case. Familiarity with the governing law is a factor to be considered in transfer. We also must consider the burden of jury duty on the people of this district which has no relation to the litigation other than the attached stock certificate.

In viewing the aspects of this case as a whole we conclude that the interests of justice dictate that the case should be transferred.

Counsel for the respective parties have argued at length concerning the counterclaim filed in this suit. It is the position of the plaintiff that all the inconvenience of a Nebraska forum arises from the counterclaim and since the defendant chose to assert it in the instant action, he must suffer the consequences. Defendant on the other hand argues that the claim is compulsory and was of necessity asserted. F.R.Civ.P. 13. The defendant's argument would appear to be defective in that Rule 13(a) does not require a compulsory counterclaim to be filed when the original action was initiated by virtue of an order of attachment.

While believing the plaintiff's position to have some merit, we prefer to view the case now presented to us as a whole. 28 U.S.C.A. § 1404(a) allows the transfer of "any civil action". We can find no prejudice to the plaintiff in requiring that he pursue his claim in the courts for the district of Nevada.

It is therefore ordered that the motion of the defendant for a change of venue should be and hereby is sustained; and

It is further ordered that the case be transferred to the United States District Court for the District of Nevada, it appearing to the Court that said District is a District where the action might have been brought in the first instance.