967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan SANCHEZ, Plaintiff-Appellant,
v.
Alberto Aguilera VALADEZ, aka Juan Gabriel; MARIA DE LA PAZ
ARCARAZ, Defendants-Appellees.
 No. 91-55451.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1992.
Decided June 1, 1992.
 
 Before ALARCON, WILLIAM A. NORRIS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sanchez appeals dismissal of his action for failure to state a claim and for improper venue. We reverse.
 
 
 3
 * This diversity action arises out of Sanchez's attempt to produce a series of concerts featuring Valadez. Arcaraz represented Valadez in the negotiations surrounding the proposed concerts. Sanchez alleged in his complaint that Valadez, through Arcaraz, entered into a contract to perform at concerts that Sanchez planned to produce. The complaint stated that Sanchez "stood ready and able to fulfill the terms of the CONTRACT," including payment of $80,000 due under the contract. Complaint p 10, in Excerpts of Record (ER) CR1 at 3-4. It further alleged, however, that Arcaraz refused to tell him the "time, place, manner and form in which the balance due was to be paid," until "a day or two" prior to Valadez's scheduled arrival at the first concert site. Id. at 4. Sanchez alleged that Arcaraz finally stated, a few days prior to Valadez's scheduled arrival for the first concert, that payment should be made at Valadez's home in New Mexico. Sanchez further alleged that because of Arcaraz's delay in contacting him regarding the time, place, manner, and form of the $80,000 due, he was unable to withdraw the money in the form requested prior to the July 4 holiday and was unable to tender the money prior to the July 5 date of the first scheduled concert event.
 
 
 4
 Sanchez pleaded claims against both Arcaraz and Valadez for breach of contract for Valadez's failure to perform and pleaded a claim against Arcaraz for interference with contractual relations.
 
 
 5
 Arcaraz and Valadez (defendants) moved under Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim upon which relief can be granted. Defendants asserted that the complaint failed to allege performance of conditions precedent, as required by Fed.R.Civ.P. 9(c).
 
 
 6
 On February 11, 1991, Sanchez filed an opposition to the motion, arguing that performance of the conditions precedent was alleged in the complaint, with the exception of conditions excused by defendants' conduct. Sanchez also requested that the court grant leave to amend if it found the complaint was not sufficiently specific or failed to state a claim.
 
 
 7
 Defendants moved the court to hear the motion on January 28, 1991, or as soon thereafter as the motion could be heard. The court continued the motion to February 25, 1991. On February 22, 1991, a Friday, defendants filed a "Supplement" to their Rule 12(b)(6) motion. The "Supplement" raised for the first time the defense that venue was improper because of a forum selection clause in the contract.[1] See Rule 12(b)(3).
 
 
 8
 Sanchez moved to strike the "Supplement" on the ground that the defense of improper venue had been waived because it was omitted from the motion to dismiss. See Rule 12(h)(1).
 
 
 9
 The district court granted the motion to dismiss under Rule 12(b) for failure to state a claim and for improper venue.
 
 II
 
 10
 We review the district court's dismissal under Rule 12(b)(6) de novo. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.1988).
 
 
 11
 First, we reject defendants' argument that the complaint was properly dismissed for failure to comply with Rule 9(c). "Rule 9(c) ... obliges the pleader to allege compliance with the contract or to state that performance or occurrence of the conditions was waived or excused." 5 Wright and Miller, Federal Practice and Procedure § 1303, at 681. As we read the complaint, it satisfies Rule 9(c).[2]
 
 
 12
 Second, we reject defendants' argument that Sanchez stated facts in the complaint that would preclude him from showing he satisfied the conditions precedent of the contract or was excused from satisfying them. Defendants argue that Sanchez's complaint admits he did not pay the $80,000 required under the contract and that other allegations of the complaint preclude an impossibility defense. They argue that Sanchez could have paid the $80,000 by sending a check to Valadez's business address, which was listed on the contract. This raises an issue of fact that defendants may raise in their answer and later on a motion for summary judgment. It is raised prematurely in a 12(b)(6) motion to dismiss.
 
 
 13
 Third, we reject defendants' naked allegation that Sanchez told Valadez to enter the United States on a tourist visa. Sanchez's complaint stated that he "stood ready and able to fulfill the terms of the contract," ER CR 1 at 3-4. "In passing on a motion to dismiss for failure to state a claim, the facts set forth in the complaint must be assumed to be true and complete...." Williford v. California, 352 F.2d 475 (9th Cir.1965).[3] If defendants controvert the complaint's allegations regarding Sanchez's performance, they should do so in the first instance in an answer that complies with Rule 9. See Rule 9(c) ("A denial of performance or occurrence shall be made specifically and with particularity.").
 
 
 14
 Accordingly, the district court erred in granting the Rule 12(b)(6) motion.[4]
 
 III
 
 15
 Finally, we consider whether the district court erred in dismissing the action for improper venue. See Rule 12(b)(3). Ordinarily, we treat a forum selection clause as "prima facie valid ... unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972). Sanchez argued below that defendants waived the defense of improper venue by not raising the defense in their motion to dismiss under Rule 12(b)(6) and including it only as a "Supplement" to the 12(b)(6) motion three days before the hearing scheduled on the motion. See Fed.R.Civ.P. 12(h)(1) (defense of improper venue waived if it was available at time party made a previous motion under Rule 12).[5]
 
 
 16
 For the first time on appeal, defendants argue that their "Supplement" to their Rule 12(b)(6) motion should be construed as an "amendment" to that motion. Defendants do not say that the court expressly granted any motion to amend. They argue that the district court, by ruling on the defense of improper venue in the "Supplement" and ignoring Sanchez's motion to strike it, implicitly exercised its discretion to allow defendants to amend the Rule 12(b)(6) motion.
 
 
 17
 We agree that the district court implicitly treated the "Supplement" as an amendment to the original 12(b)(6) motion, but we hold that it abused its discretion in dismissing the action for improper venue. By reaching the merits of the "Supplement" and dismissing the action for improper venue before ruling on Sanchez's motion to strike, the district court did not give Sanchez an adequate opportunity to argue that enforcement of the forum selection clause would not be reasonable under the circumstances. We therefore hold that the district court abused its discretion in treating the "Supplement" as an amendment without giving adequate notice to Sanchez and a fair opportunity to be heard on the improper venue defense.
 
 
 18
 When a district court allows a defendant to amend a motion to assert a defense of improper venue, which otherwise would be waived, it must give the plaintiff notice "well in advance of a hearing" that it will hear the venue argument on the merits. See Bechtel v. Liberty Nat. Bank, 534 F.2d 1335, 1341 n. 8 (9th Cir.1976) (quoting MacNeil v. Whittemore, 254 F.2d 820, 821 (2d Cir.1958)).[6] The weekend between the filing of the "Supplement" in this case and the scheduled hearing, however, hardly qualifies as "well in advance of a hearing."[7] Nor is this case analogous to MacNeil in which the defendant explicitly moved for leave to amend his motion to dismiss to add a waiver claim two days after the original motion and nearly a month before the court heard the motion. MacNeil, 254 F.2d at 821.[8]
 
 
 19
 On remand, the district court must afford Sanchez an opportunity to be heard on his argument that enforcement of the forum selection clause would be unreasonable under the circumstances.[9]
 
 
 20
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 "For the interpretation, fulfillment or rescission of this contract, the parties expressly submit themselves to the jurisdiction and competence of the Courts of Mexico City, Federal District, renouncing the jurisdiction that could correspond to them by reason of their presence or future domicile or for any other circumstance." See ER CR 1, Contract at 3 (English translation)
 
 
 [2]
 The complaint stated that Sanchez "stood ready and able to fulfill the terms of the CONTRACT...." Complaint p 10 (emphasis supplied), in ER CR1, 2 at 3-4. Although the complaint does not use the word "excuse," it does allege that defendants made performance impossible by failing to identify the time, place, manner, and form of payment
 
 
 [3]
 There are no facts alleged in the complaint that preclude Sanchez from arguing he provided work visas. Such an allegation is not, as defendants imply, inconsistent with the statement that Sanchez provided "work permission." Complaint p 9, in ER CR 1, at 3
 
 
 [4]
 In light of our conclusion that the district court should not have granted the 12(b)(6) motion, we need not consider whether it erred in denying leave to amend. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.1988) (a district court must grant a party leave to amend a complaint once as a matter of course unless it determines that the " 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency' ") (quoting Schreiber Distributing Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986))
 
 
 [5]
 Although Sanchez did not argue below that enforcement of the forum selection clause would be unreasonable--apparently because he was under the impression that it had been waived--he has raised such an argument on appeal. Sanchez argues that, if he had had an opportunity to argue the forum selection clause below, he would have argued that it was not enforceable because of undue influence and overweening bargaining power
 Defendants mischaracterize the question presented by faulting Sanchez for alleging such facts for the first time on appeal. Were the enforceability of the clause squarely presented, then we would not consider factual arguments raised for the first time on appeal. We read Sanchez's argument, however, to say that he should have been allowed the opportunity to develop these facts below.
 
 
 [6]
 In Bechtel, an amended motion was filed in July, and a hearing held in November
 
 
 [7]
 Defendants argue that we should treat the date on which the court filed its decision, some weeks later, as the time of the "hearing." We disagree. At the time the "Supplement" was filed, Sanchez had filed a response to the original Rule 12 motion, and the defendants were therefore not entitled to an amendment as a matter of course. See Fed.R.Civ.P. 15(a). Defendants do not argue that they expressly requested an amendment to their original Rule 12 motion. Defendants did not argue below that the court had discretion to amend their motion, and they did not cite below any of the cases on which they rely on appeal for the proposition that the district court had such discretion. In sum, there is no evidence in the record that Sanchez had reason to know that the court would treat the "Supplement" as an amendment and decide the merits when it did. Sanchez therefore could reasonably have believed that the improper venue defense had been waived until the court indicated otherwise
 
 
 [8]
 Defendants' citation to Kellner v. Saye, 306 F.Supp. 1041, 1044 (D.Neb.1969), aff'd after transfer 474 F.2d 1400 (9th Cir.1973), is highly misleading. Appellees' Brief at 17. In the first place, the district court treated the motion there as one under 28 U.S.C. § 1404(a) for change of forum for the convenience of the parties. It explicitly stated, "Were we faced here with an objection that venue is improperly laid in this court, there is authority for the conclusion that the filing of a counterclaim waives such an objection." Id. at 1044. In the second place, the citation includes a quotation from the district court after the court of appeals cite, implying that the court of appeals expressed an opinion on waiver. It did not
 
 
 [9]
 We express no opinion on the merits of this argument